ANSON N. BECKER, Appellant, *v.* GEORGE HOWARD et al., Respondents.

A purchaser, at a legal tax sale, of land upon which there is at the time a mortgage duly recorded, upon receipt of the comptroller's deed, acquires a valid title, subject to the right of the mortgagee to redeem under the statute. (Chap. 427, Laws of 1855, § 76, *et seq.*)

The mortgagee may, at any time within six months after receiving notice of sale, redeem; but he is not compelled to await the reception of such notice before redeeming.

The purchaser at the tax sale is not compelled to give any notice to the mortgagee in order to perfect his title. He can, however, only limit the time for redemption by giving notice.

A purchaser at such a sale is not affected by a subsequent foreclosure of the mortgage and sale of the mortgaged premises, where he is not made a party to the foreclosure.

(Argued March 30, 1876; decided April 18, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of defendants, entered upon a decision of the court on trial without a jury. (Reported below, 4 Hun, 359.)

This was an action for trespass upon certain lands in Cattaraugus county. Both parties claimed title to the *locus in quo.*

Plaintiff claimed title under a foreclosure and sale of the premises upon a mortgage duly recorded. The action for foreclosure was commenced August 17, 1868. Defendants were not made parties. Judgment was perfected January 7, 1869, and the premises sold thereunder February 26, 1869.

Defendants claimed title under a sale of the lands by the comptroller for unpaid taxes. The lands were bid off by them at such sale November 24, 1866, and they received the usual certificate, and thereafter a deed from the comptroller dated February 16, 1869, which was recorded October 16, 1869. No notice to redeem appears to have been given to the mortgagee or assignee, or to the purchaser at the foreclosure sale.

*Geo. W. Cothran* for the appellant. The purchaser at the foreclosure sale acquired the rights of both the mortgagor and mortgagee. (3 R. S. [6th ed.], 198, § 101; id., 199, § 102.) The assignee of the mortgage was a mortgagee entitled to notice to redeem from the tax sale. (Laws 1855, chap. 427, § 80; 1 R. S. [6th ed.], 968, § 124.) Plaintiff was entitled to judgment. (Laws 1855, chap. 427, §§ 50, 63, 76, 77, 79; 1 R. S. [6th ed.], 964, § 94; id., 966, § 107; id., 968, §§ 120, 121, 123; id., 969, § 126, and note; 4 Hun, 362.)

*Sherman S. Rogers* for the respondents. The tax deed passed to respondents the mortgagor's title to and the equity of redemption in the premises. (3 R. S. [Edm. ed.], 367.) The sale passed the fee subject only to the right of the mortgagee to redeem. (*Becker* v. *Howard,* 11 Hun, 359.) The purchaser at the tax sale could not properly be made a party to the foreclosure action. (*Corning* v. *Smith,* 2 Seld., 82; *Eagle Fire Co.* v. *Lent,* 6 Paige, 635; *Banks* v. *Walker,* 3 Barb. Ch., 438; *Merch. Bk.* v. *Tuttle,* 55 N. Y., 7.)

Upon decision of the appeal no prevailing opinion was written; all the court agreed for affirmance, except EARL, J., dissenting. Subsequently a motion for reargument was made, whereupon the following opinion was written:

*Per Curiam.* The court necessarily decided, in affirming the judgment of the court below, that the plaintiff did not, either as mortgagee or as purchaser under the foreclosure sale, acquire a title to the premises as against the defendants, grantees of the State under a sale for the non-payment of taxes. No other question was involved in or presented by the appeal. An opinion would have been but an elaboration of the reasons leading to the result as declared. The motion for a reargument appears to be chiefly with a view to a settlement of some question which may arise in other pending actions. We would be glad, by one judgment, to put an end to all litigation for the future, but that is impracticable, and we are compelled to decide questions as they arise, and the judgment in this action will only serve as a precedent when the same question is presented, and under similar circumstances. We decided the precise points presented, to wit.: first, that the defendants, by their tax-deed, acquired a valid title to the premises, subject to the right of mortgagees to redeem under the statute; second, that the defendants were not affected by the foreclosure of the mortgage and the sale of the mortgaged premises to the plaintiff; third, that the mortgagee might, at any time within six months after receiv-

ing notice, redeem the premises from the sale, and that he was not compelled to await the reception of the notice before making the redemption; fourth, that the purchasers at the tax sale were not compelled to give any notice to the mortgagee in order to perfect their title, but could only limit the time within which redemption could be made, by giving the notice prescribed by statute. This statement will probably serve all the purposes of the appellant, and as the questions were thoroughly discussed and considered, a reargument would be fruitless. The motion is therefore denied.

All concur.

Motion denied.