ELLEN O'DONNELL, Respondent, v. ROBERT McINTYRE, Appellant.

One who acquires title to real estate pursuant to a tax sale is not in privity with the former owner, and an attornment by a tenant to such a purchaser is an attornment to a stranger and is, as against the former owner, void. (1 R. S. 744, § 3.) (FOLLETT, Ch. J., dissenting.)

*Hubbell* v. *Weldon* (H. & D. Sup. 139), distinguished.

One B. entered into possession of certain premises as plaintiff's tenant. Defendant who claimed title under a tax sale, presented his deed and demanded possession of B. The latter surrendered the house keys and agreed thereafter to continue in possession as defendant's tenant. Plaintiff went to the house with a carpenter to put on new locks, and while so engaged defendant entered and ordered her to leave and on her refusal attempted to eject her. In an action for assault and battery, the court charged that plaintiff was at the time in possession and had the right to use reasonable force to retain possession; and that defendant had no right to use force to acquire possession. *Held* (FOLLETT, Ch. J. dissenting), no error.

Reported below, (37 Hun, 623).

(Argued October 17, 1889; decided January 14, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 26, 1885, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for an assault and battery which the plaintiff alleged the defendant committed on her April 5, 1883, at a dwelling-house known as No. 39 Orange street in the city of Rochester, which dwelling each party claimed to be the owner and in possession of. The battery was committed while each was using more or less force against the other in defending the possession claimed.

It was assumed on the trial that the plaintiff had been the owner of the premises from prior to April 1, 1881, to March 1, 1883, and in possession through her tenant from the first date to April 2, 1883. In 1879 the premises were assessed for taxes to Mary Harrigan, but whether as owner or occupant the case does not show. On the third Tuesday of August, 1880, the premises were sold for the non-payment of taxes for 1879, and August 29, 1882, the defendant received a deed which in terms conveyed the fee. On the first day of March, 1883, the time allowed for redemption had run, and assuming the validity of the tax proceedings, which were not questioned on the trial, the defendant then became the owner in fee simple. The record does not show when, from whom or how the plaintiff acquired her title or possession, but it does appear and was not disputed on the trial that about April 1, 1881, one Joseph N. Bates entered into possession of the premises as plaintiff's tenant, and occupied them under the plaintiff until April 2, 1883, when the defendant presented his tax deed and demanded possession of Bates, who then surrendered the house keys to the defendant, and agreed to thereafter continue in possession as his tenant and pay the subsequently accruing rent to him. The plaintiff heard that the defendant had taken the house keys, and in the afternoon of April 5, 1883, she went to the house with a carpenter to put on new locks and fit new keys to the locks from which the keys had been taken, and while engaged in this work the defendant entered the house and

·ordered the plaintiff to leave, but she refused, and thereupon he attempted to eject her by force, which attempt was successfully resisted.

*J. A. Stull* for appellant.

*Fanning and Williams* for respondents. The evidence and the findings of the referee established that there was a cloud upon the plaintiff's title which should be removed. (Laws of 1877, chap 104, §§ 11, 12; *Stewart* v. *Chrysler*, 100 N. Y. 378; *Rumsey* v. *City of Buffalo*, 97 id. 114; *Crook* v. *Andrews*, 40 id. 547; *Lattin* v. *McCarty*, 41 id. 107-110; *R. P. Co.* v. *O'Dougherty*, 81 id. 474; *Strassburgh* v. *Mayor, etc.*, 87 id. 452; *Townshend* v. *Williams*, 19 Wkly Dig., 502; *Schoener* v. *Lissauer*, 107 N. Y. 116-117; *Miner* v. *Beekman*, 50 id. 343; *Bruecher* v. *Village of Portchester*, 31 Hun, 556; *Pier* v. *Fon du Lac*, 38 Wis. 471-479; *Alimony* v. *Hicks*, 40 Tenn. 38-41; Cooley on Taxation [2d ed.] 779-780; 2 Story's Eq. Juris., § 700.) The statute and all the proceedings upon which the tax deeds in question were issued, being in derogation of common law rights, should be strictly construed. (*Whitney* v. *Thomas*, 23 N. Y. 281-286; *Thompson* v. *Burhans*, 61 id. 65; *Hilton* v. *Bender*, 69 id. 81; *Newell* v. *Wheeler*, 48 id. 486-490-492; *Simonton* v. *Hays*, 32 Hun, 286; Cooley on Tax., 334.) The tax deed in question is void, as there is no certificate to the assessment-roll as provided by statute. (Laws of 1861, chap. 143, §§ 87, 133; Laws of 1869, ·chap. 267, § 5; 1 R. S. [6th ed], 937, §§ 19, 20; Laws of 1880, chap. 14, § 122; Laws of 1851, chap. 170, 334, § 8; *Paris* v. *Golden*, 35 N. Y. 467; *Westfall* v. *Preston*, 49 id. ·353; *Van Rensselaer* v. *Whitbeck*, 7 id. 521; Laws of 1861, ·chap. 143, § 127; *Bellinger* v. *Gray*, 51 N. Y. 620; *Murphy* v. *Mayor, etc.*, 22 Alb. L. J. 387; *People ex rel* v. *Forrest*, 96 N. Y. 544; *Beach* v. *Hays*, 58 How. Pr. 17; *Adriance* v. *McCafferty*, 2 Rob. 153-5; *In re A. R. R. Co.*, 8 N. Y S. R. 486; *Bradley* v. *Ward*, 58 N. Y. 406-7; Brown on Assessments, 469; Burroughs on Taxation, 233; Cooley on Taxation [2d ed,], 413; *Merritt* v. *Portchester*, 71 N. Y. 309;

*Brevoort* v. *City of Brooklyn,* 89 id. 128 ; *Hinckley* v. *Cooper,* 22 Hun, 253, 257 ; *Johnson* v. *Elwood,* 53 N. Y. 432-438 ; *Shattuck* v. *Bascom,* 105 id. 40-45 ; *People ex rel* v. *Suffem,* 68 N. Y. 321-326 ; *Westfall* v. *Preston,* 49 id. 349 ; *Inman* v. *Coleman,* 37 Hun, 170 ; *Lockwood* v. *Gelert,* 24 N. Y. S. R. 246 ; *Clark* v. *Norton,* 49 N. Y. 246, 248 ; *Remsen* v. *Wheeler,* 105 id. 573.) The assessment was also void because the roll was not properly verified or timely delivered. ( 1 R. S. [6th ed.] 928, § 25 ; 2 R. S. [7th ed.] 989, 994, § 8 ; Laws of 1876, chap. 196, §§ 12, 16 ; *Nat. Bank* v. *City of Elmira* ,53 N. Y. 49-59 ; *Craft* v. *Merrill,* 14 id. 456 ; *VanRensselaer* v. *Whitbeck,* 7 id. 517 ; *Coleman* v. *Shattuck,* 62 id. 361 ; *Westfall* v. *Preston,* 49 id. 349 ; *Thompson* v. *Burhans,* 61 id. 63 ; *Bradley* v. *Ward et al,* 56 id. 406-7 ; *Brevort* v. *Brooklyn,* 89 id. 132; *Martin* v. *Barbour,* 34 Fed. Rep. 701 ; Brown on Assessments, 471-472 ; *People ex rel* v. *Wemple,* 115 N. Y. 302 ; Blackwell on Tax Titles, 131 ; *Tilden* v. *Duden,* 15 N. Y. S. R., 80 ; *T. M'f'g. Co.,* v *Lathrop,* 7 Conn. 550 ; *People ex rel* v. *Haupt,* 104 N. Y. 377. The assessment was void, because it was made to neither owner nor occupant. (1 R. S. [6th ed] 934, §§ 1, 2, 3 ; 2 R. S. [7th ed.] 989 ; *Chapman* v. *City of Brooklyn,* 40 N. Y. 372 ; *Whitney* v. *Thomas,* 23 N. Y. 281 ; *Ritter* v. *Worth,* 58 id. 627 ; *Newell* v. *Wheeler,* 48 id. 499 ; *Dubois* v. *Webster,* 7 Hun, 371-3 ; *Pink* v. *Barberi,* 17 N. Y. Wkly. Dig. 521 ; 30 Hun, 487 ; *National Bank* v. *City of Elmira,* 53 N. Y. 53 ; *People* v. *Cassity,* 46 id. 54-5 ; *Calkins* v. *Chamberlin,* 15 N. Y. State Rep. 576 ; *Woolsey* v. *Long Island city,* 13 N. Y. Wkly. Dig. 182 25 Hun, 230 ; *Trowbridge* v. *Horan,* 18 N. Y. 439 ; *N. Y. C. & H. R. R. R. Co.* v. *Lyon,* 16 Barb. 651 ; *Brown* v. *Goodwin,* 75 N. Y. 409 ; *Marsh* v. *City of Brooklyn,* 59 N. Y. 280, 287 ; *Whitney* v. *Thomas,* 23 id. 281, 286 ; Laws of 1861, chap. 143, § 127.) The tax deed is void also, as no notice to redeem has been served as provided by sections 15, 16 and 19 of chapter 104 of the Laws of 1877, as amended by chapter 127, Laws 1880. (*Simonton* v. *Hays,* 19 Wkly. Dig. 58; 32 Hun, 286 ; *Donahue* v. *O'Connor,* 12 J. and S.

300; *Willis* v. *Gilbert*, 34 Hun, 568; Laws of 1880, chap. 127, § 15.) The defense of non-joinder of parties is not well taken. (Code Civ. Proc. §§ 1500, 1638; *McCrea* v. *N. Y. E. R. R. Co.*, 23; N. Y. Wkly. Dig. 344; 13 Daly 302; *Todd* v. *Lunt*, 19 N. E. R. 522; *Hasbrouck* v. *Bowen* 62 N. Y. 475, 479; *Hogg* v. *Shank*, 23 N. Y. S. R. 312; Code Civ. Proc. § 2657; Redf. on Surrogates, [2d ed.] 52; *Wetmore* v. *Parker*, 52 N. Y. 450, 456; *Rodengas* v. *E. R. S. Inst.*, 63 id. 460–468, 474; *Richardson* v. *West*, 10 N. Y. Wkly. Dig. 66; Code Civ. Proc. §§ 2658, 2659; *Ferguson* v. *Crawford*, 86 N. Y. 610.) Although the plaintiff, at the commencement of this action was not in actual possession of the premises in question, yet that is no ground for a reversal of the judgment. (*Lattin* v. *McCarty*, 41 N. Y. 107; *R. P. Co.* v. *O'Dougherty*, 81 id. 474; *Pixly* v. *Rockwell*, 1 Sheld. 268; *Alimony* v. *Hicks*, 40 Tenn. 38, 41; *Bausman* v. *Kelly*, 36 N. W. Rep. 334, 337; Code Civ. Pro. § 373; *Whiting* v. *Edmunds*, 94 N. Y. 314; *O'Donnell* v. *McIntyre*, 41 Hun, 100, 102; *O'Donnell* v. *McIntyre*, 37 id. 623, 627; *Rogers* v. *Boynton*, 57 Ala. 501; *Turnley* v. *Hanna*, 67 id. 101; *Bell* v. *Spotts*, 8 J. & S. 552; *Ludlow v. Simonds*, 2 Caines 56; *Hawley* v. *Cramer*, 4 Cow. 727; *Grandin* v. *Leroy*, 2 Paige, 509; *Rees* v. *Smith*, 1 Ohio, 509; *Gregory* v. *L. C. Bank*, 20 N. W. Rep. 286; *Snowden* v. *Tyler*, 31 id. 661; *Underhill* v. *Van Cortland*, 2 John. Ch. 339, 369; Code Civ. Proc. § 1638; *Armitage* v. *Pulver*, 37 N. Y. 494.) The appellant stands in no position for equitable consideration. (*Jewett* v. *Lampier*, 20 Wkly. Dig. 222; 34 Hun, 623; *Martin* v. *Barbour*, 34 Fed. Rep. 701; *Newell* v. *Wheeler*, 48 N. Y. 486–492.) Defendant's course was to test his tax-title by ejectment and not by procuring a fraudulent attornment of plaintiff's tenant. (*Sperling* v. *Isaacs*, 22 N. Y. Wkly Dig. 174; Blackwell on Tax Title, 492; Code Civ. Pro. § 2233; *Bliss* v. *Johnson*, 73 N. Y. 533; *McMillan*, v. *Cronn*, 75 id. 474; *Pollen* v. *Brewer*, 7 C. B. [N. S.] 371; *Parsons* v. *Brown*, 15 Barb. 590; *Sampson* v. *Henry*, 11 Pick. 387; *Stewart* v. *Roderick*, 4 Watts & Serg. 188; *Smith*

v. *Cooper*, 16 Pac. Rep. 958, 960 ; 39 Am. Dec. 71 ; *Jackson* v. *Harper*, 5 Wend. 246 ; *Towne* v. *Butterfield*, 97 Mass. 105 ; *Miller* v. *Lang*, 99 id. 13 ; *Bailey* v. *Moore*, 21 Ill. 165 ; *Lawrence* v. *Brown*, 5 N. Y. 395–405 ; *Kenada* v. *Gardner*, 3 Barb. 589 ; *Sperling* v. *Isaacs*, 22 N. Y. Wkly Dig. 174 ; *Newman* v. *Marshall*, 22 id. 211 ; 32 Ill. 65 ; *Mohan* v. *Butler*, 3 Cent. Rep. 407 ; *O'Donnell* v. *McIntyre*, 41. Hun, 100 ; *Jackson* v. *Rowland*, 6 Wend. 666–670 ; *Jackson* v. *Davis*, 5 Cow 124–132 ; *Niles* v. *Ransford*, 1 Mich. 338 ; *Hoag* v. *Hoag*, 35 N. Y. 471 ; 51 Am. Dec. 95.) Section 373 of the Code of Civil Procedure bars the defendant from claiming any right to possession which he can claim through a tenant which would be adverse to the landlord. (*Whitting* v. *Edmunds*, 94 N. Y. 309.) In so far as the question of fact is concerned, the judgment will not be disturbed, as the printed case on this appeal does not show, and there is no certificate, that it contains all the evidence. (20 N. Y. S. R. 689 ; 39 Hun, 193 ; 36 id. 160 ; 35 id. 118 ; 34 id. 178–180.)

Parker, J. The question requiring consideration is presented by an exception taken to the charge of the learned trial justice. He instructed the jury that the plaintiff was at the time of the quarrel in possession of the premises and had the right to use reasonable force to retain her possession and to eject the defendant ; that he had no right to exercise force to acquire possession or to remain in the house after having been notified by the plaintiff to leave. It is insisted by the appellant that the attornment of Bates to the defendant was valid and that thereafter he was the owner and in possession of the premises. The statute provides : "Sec. 3. The attornment of a tenant to a stranger shall be absolutely void and shall not in any way affect the possession of his landlord unless it be made (1) with the consent of the landlord ; or, (2) pursuant to, or in consequence of a judgment at law or the order or decree of a court of equity ; or, (3) to the mortgagee after the mortgage has become forfeited." (1 R. S., 744).

All attornments by lessees were not abolished by the Revised Statues. (*Austin* v. *Ahearne*, 61 N. Y. 6.)

If then, the defendant, after obtaining tax title to these premises was a stranger to the plaintiff in respect thereto the attornment was void, otherwise it was valid. In its general legal signification, stranger is opposed to the word privy. By • privity is meant the mutual or successive relationship to the same rights of property, and privies are classified according to the manner of relationships. There are privies in estate, as donor and donee, lessor and lessee, and joint tenants; privies in blood, as heir and ancestor; privies in representation, as testator, executor and administrator; privies in law, as where the law without privity of blood or estate casts land upon another as by escheat. (1st Greenleaf, § 189; Bouvier's Institutes.)

We are of the opinion that one who acquires real estate pursuant to a tax sale is not in privity with the former owner. No contractual relation exists between them. The owner does not grant his title. Such a purchaser is a grantee of the state. (*Becker* v. *Howard*, 66 N. Y. 5.)

The land is assessed irrespective of any special interests, the taxation of all particular estates or rights being merged in the burden put upon it. If the tax be not paid, then the state, by virtue of its taxing power, and through the medium provided by statute, either acquires the land or grants it to a citizen. The purchaser is not subjected to any of the inconveniences of the old title, nor can he take any advantage from it. Covenants running with the land do not bind him, nor do him any good. (Blackwell on Tax Titles, § 965.)

He not only obtains his title from a source, other than the former owner, but the estate acquired is not of necessity the same. The owner of the old title may have granted rights of way and other easements which a purchaser from him would be estopped from denying. He may have encumbered the lands by mortgage, in which event the estate acquired by his grantee would likewise be burdened with it. But, as we have seen, the owner of the tax title obtains the land free from encumbrances of every character, not excepting the mortgage lien after

the mortgagee's time for redemption has expired.    (*Becker* v. *Howard, supra.*)

It seems to be apparent therefore that the plaintiff and defendant were not privies, but strangers.    It follows that the attempted attornment by the tenant to this defendant was void, and that the trial court rightly instructed the jury.

We do not regard *Hubbell* v. *Weldon*, (Hill & Denio's Supplement, 139) as an authority upon the question here decided. Neither the right of a tenant to attorn, the statute in relation thereto, nor the question of privity were before the court for consideration.    The action was ejectment brought by the grantee, of one who had acquired title pursuant to a tax sale, against a tenant who had entered into possession of the premises under a lease from the former owner.    Objection was made that the lot was held adversely at the time of the conveyance from the purchaser at the tax sale to the plaintiff, and that for that reason the deed was void.    And it was with reference to that question solely that the observations were made which are urged in support of appellant's contention.

The other exceptions do not require consideration.

The judgment should be affirmed.

Follett, Ch. J. (dissenting). The witnesses sworn in behalf of the defendant, as well as those sworn in behalf of the plaintiff, testified that the defendant attempted to eject the plaintiff from the house by force and that she successfully resisted, but there is much dispute between them as to the amount of force exercised by each.    The learned trial justice instructed the jury that the plaintiff was, at the time of the quarrel, in possession of the premises and had the right to use reasonable force to retain her possession and to eject the defendant, but he had no right to exercise force to acquire possession or to remain in the house after having been notified by the plaintiff to leave. The exception to this instruction, which was repeated in various forms, presents the only question argued on this appeal.

The learned trial justice held, and in this he was sustained

at General Term, that the attornment of Bates to defendant was void under the Revised Statute, which provides:

" Sec. 3. The attornment of a tenant to a stranger shall be absolutely void, and shall not in any way affect the possession of his landlord unless it be made,

" 1. With the consent of the landlord; or

" 2. Pursuant to or in consequence of a judgment at law, or the order or decree of a court of equity; or

" 2. To a mortgagee after the mortgage has become forfeited." (1 R. S. 744.)

The tax sale was had and the deed given under chapter 104 of the Laws of 1877, the twentieth section of which provides that six months after a certain notice has been served and a certificate given, " the conveyance before made shall thereupon become absolute, and the occupant and all others interested in said lands shall be forever barred of all rights and title thereto." This certificate was issued March 1, 1883.

All attornments by lessees were not abolished by the Revised Statutes. (*Austin* v. *Ahearne*, 61 N. Y. 6.)

It was held below that the defendant was a stranger to the plaintiff's title and that the attornment, not falling within any of the three exceptions, was void. The word *stranger* as used in the section quoted, is a person between whom and the landlord there is no privity and whose title or right of possession is not derived from the landlord, but is hostile to his title. (Wood's Inst. 245; Toml. Law Dic. and Abb. Law Dic., title Stranger.)

Under chapter 104 of the Laws of 1877, the defendant acquired by virtue of his purchase in August, 1880, only a lien on the premises, which continued until August 29, 1882, the date of his deed, by which he acquired a conditional title, which became absolute March 1, 1883, the date of the certificate issued by the county treasurer. (Black. Tax Titles, §§ 955, 965.) While the proceedings out of which the deed arose related to the time when the tax was assessed against Mary Harrigan, the defendant's title was derived directly from the plaintiff through the taxing power of the state, and

she and the defendant were not strangers, but privies. (*Hubbell* v. *Weldon*, Hill & Denio Supl. 139; Black. Tax Titles, §§ 954–988; Wood's Inst. 245; Toml. Law Dic.; Abb. Law Dic., title Stranger.) In the case cited, Chief Justice NELSON, speaking for a unanimous court, said: "Assuming the tax sale valid, the owners or occupants are to be regarded after that as holding in subordination to the title of the purchaser, as *quasi* tenant to him, like a defendant in possession after sale of his real estate on judgment and execution."

Assuming, as it was at the Circuit and at the General Term (and there is no evidence in the record which tends to contradict the assumption), that the defendant acquired a legal title in fee March 1, 1883, the symbolic delivery of the possession of the premises by Bates to defendant and their agreement that thereafter Bates should be the tenant of the defendant and pay the subsequently accruing rent to him, divested the possession of the plaintiff and vested the defendant with the possession of the premises.

These views lead to a reversal of the judgment and a new trial, with costs to abide the event.

All concur with PARKER, J., except FOLLETT, Ch. J., dissenting, VANN, J., not voting, and BRADLEY, J., not sitting.

Judgment affirmed.