HARISON et al. v. CASWELL.

(Supreme Court, Appellate Division, Third Department.   July 6, 1898.)·

1. VENDOR AND PURCHASER — REPAYMENT OF CONSIDERATION — RECOVERY OF POSSESSION.

Plaintiff gave defendant an option contract, for a consideration, on certain land, under which defendant went into possession, though the option was never exercised.   Afterwards, when defendant had lost all right to possession, plaintiff agreed to repay the consideration if he (plaintiff) was unable to settle matters with a third person, who had bought the land at a tax sale prior to the contract, and had secured a tax deed after defendant had lost his right to possession.   Defendant, knowing that plaintiff' claimed the tax deed was void, subsequently secured a quitclaim deed from the holder.   Afterwards plaintiff had the tax deed canceled by the state, and the taxes paid by the purchaser refunded.   Defendant claimed an adverse title, and refused to surrender the land.   *Held*, that the repayment of the consideration of the option contract, as agreed on, was not a. condition to plaintiff's recovery of possession of the land from defendant.

2. WILLS—PROBATE—EVIDENCE.

The record of a will, not showing that the will was ever probated, was· properly excluded, as not competent evidence to show title in a devisee· thereunder.

Appeal from trial term, St. Lawrence county.

Ejectment by George D. L. Harison, Thomas L. Harison, and Gertrude Harison against Alson Caswell, to recover possession of 36.24 acres of land situated in lot 12 of the Harison tract, town of Pierrepont.   From a judgment in St. Lawrence county on a verdict in favor· of defendant against George and Thomas Harison, and a nonsuit as to the other plaintiff, and from an order denying a motion on the merits for a new trial, plaintiffs appeal.   Reversed as to George and Thomas Harison.

For opinion on former appeal, see 45 N. Y. Supp. 560.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.·

Nelson L. Robinson, for appellants.

John C. Keeler, for respondent.

MERWIN, J.   Reversible error is claimed by the appellants in the instructions given by the court to the jury in its charge in relation to the right of defendant to retain possession without regard to the question of ownership.   Thomas L. Harison, one of the plaintiffs, having authority to act for all, executed and delivered to the defendant an instrument in writing, dated December 28, 1873, in which it was stated that the defendant might occupy the premises in question until the 1st day of June following, "on condition that he shall commit no waste thereon, and shall leave any timber that he should cut, growing or lying on the lot, upon the same, either in fences or buildings; and, if on said first day of June next said Caswell shall pay not less than one hundred dollars on account of the price thereof, he shall have a contract for said lot, on the usual terms, running six years from April 1, 1873, at twenty dollars per acre, with interest from that date."   The defendant took possession of the premises under said instrument, and prior to June 1, 1874, paid the $100.   He made no

other payments to the plaintiffs, and no written contract was executed. He has remained in possession to the present time. On June 30, 1879, the comptroller of the state gave to John M. Peck a tax deed of lands sold upon a tax sale made in September, 1871, conveying, among others, the following premises: "Township three (3), Harison tract, * * * lot twelve (12), one hundred (100) acres in the southeast corner thereof." This deed was recorded in St. Lawrence county December 26, 1879. Mr. Peck, soon after getting his deed, called on the defendant, showed him his deed, and claimed to own under it the land which defendant occupied. Thereupon Peck and the defendant called on the plaintiff Thomas L. Harison; and upon that occasion, as the defendant testifies, Peck claimed that he owned the land, and Harison claimed that he owned it. The jury, by a special verdict in answer to a question submitted to them by the court, have found that upon this occasion Harison, knowing that Peck had a deed of the premises in question, and that he claimed possession thereof from defendant, stated that he would settle the matter with Peck, and, if he could not, would pay back the money received from defendant. The defendant testifies that within a year or two after this he saw Harison, asked him if he had settled the matter with Peck, and Harison replied that he had canceled the deed, pretty nigh, but he had not done it,—was trying to get it canceled then; that he (defendant) then signed an affidavit for Harison, for the purpose, as defendant understood it, to assist Harison in obtaining cancellation of Peck's deed; and that some of the neighbors also signed. The affidavit of defendant bears date July 9, 1880, and relates to his occupancy of the premises in September, 1873, and their location, and the location and occupancy of adjoining lots. Nothing further seems to have occurred between Harison and the defendant until the commencement of this action, in July, 1895. The money was not returned to the defendant. On the 2d March, 1882, the defendant took from Peck a quitclaim deed, for the consideration, as therein expressed, of $350. This deed was recorded March 3, 1882. The defendant paid Peck $45, and gave him a mortgage for $300. The defendant, in his answer, alleges that he obtained this deed in order to protect his rights in the premises, and that under it he claims title to the premises. The tax sale of 1871 was for taxes of the years 1861 to 1865, inclusive. On June 30, 1890, the plaintiff obtained from the comptroller of the state a certificate of cancellation of that tax sale as to the 100 acres in the southeast corner of lot 12; the certificate stating that it was made "upon satisfactory evidence being furnished the comptroller that in 1861 to 1865, inc., said lot 12 had been subdivided, and then should have been assessed in accordance with such subdivision, and that 100 a., S. E. Cor. of said lot, could not then, by reason of such subdivisions, and the sale thereof to various residents, be located or defined, and that any assessments during said years of any part of said lot under such description was illegal and void." This certificate was recorded in St. Lawrence county on July 28, 1890. The records in the comptroller's office show that the taxes were refunded to Cadman and Peck August 22, 1894. The plaintiffs claim that the comptroller's deed to Peck was void because no notice to redeem was served on the occu-

pant; also, because of jurisdictional defects in the assessment upon which the sale was based; also, that the defendant, never having surrendered possession, could not defend the action on the facts shown. The court charged the jury that if Harison stated that if he did not settle with Peck he would return the money, and if he did not do it, the jury might find that was an abandonment of the contract, and if that was the understanding (that he was to abandon the contract) then he could not maintain this action; that if it was the understanding of the parties that if he (Harison) did not settle with Peck he would return the money, then he (meaning he plaintiffs) would not be entitled to possession until he had done that.

The defendant was in default in his payments upon the contract, so that under the contract itself he was not entitled to possession. Nor did he offer to perform. If the parties by agreement abandoned the contract, that would not affect the plaintiffs' right to recover, as the cause of action of the plaintiffs is not based on the contract. Would plaintiffs' agreement to return the money if they did not settle with Peck authorize the defendant to remain in possession till the money was paid? There was no agreement of that kind in fact. Can such a one be inferred? This is not the case of a vendee, not in default, seeking the return of his money. In such a case repayment to the vendee is ordered upon his surrender of possession. Rhoades v. Freeman, 9 App. Div. 20, 23, 41 N. Y. Supp. 135. And a lien is sometimes declared, for the protection of the vendee, against any interest that the vendor may have in the property. The lien does not depend upon possession. 2 Story, Eq. Jur. § 1218. And it has been held to be enforceable only in a suit brought directly for that purpose. Tied. Real Prop. § 295a; 2 Washb. Real Prop. (4th Ed.) 94. If the defendant had a lien, it would not necessarily follow that he was entitled to retain possession. In Dinan v. Coneys, 143 N. Y. 544, 547, 38 N. E. 715, it was held that a devisee, bringing ejectment, was entitled to recover possession, as against a legatee in possession, whose legacy was a charge upon the land. In Tompkins v. Hyatt, 28 N. Y. 347, it was said that the vendee cannot recover back the purchase money paid, so long as he retains the possession. In the case before us there was not only no surrender or offer to surrender the possession, but at the commencement of the action the defendant was in the attitude of claiming to hold possession and title adverse to the plaintiffs. If there was an abandonment by mutual agreement, that would perhaps relieve the defendant from the burden of the rule that prevents a vendee from denying the title of his vendor (Rhoades v. Freeman, supra; O'Donnell v. McIntyre, 118 N. Y. 156, 23 N. E. 455; Jackson v. Hotchkiss, 6 Cow. 401), and enable him to have the benefit of whatever title he in fact derived from the deed of Peck; but I fail to see how the plaintiffs would be estopped from asserting their own title, if they in fact had it. It is not the case of an owner standing by, and allowing, without objection, his own land to be sold by another to an innocent purchaser. The defendant knew that the plaintiffs claimed to own it notwithstanding the deed to Peck. He knew some time after the interview between himself, Harison, and Peck, that Harison was making effort to obtain cancellation of Peck's deed, and assisted in

that object.   Without again seeing Harison, or inquiring as to the result, he obtains from Peck a quitclaim deed.

It seems to have been assumed by the court that the cancellation did not bind Peck.   Ostrander v. Darling, 127 N. Y. 70, 27 N. E. 353.   And the jury were in substance instructed that, if it was the understanding between the parties that the plaintiffs, in case they did not settle with Peck, would. return the money to defendant, then, as the money had not been returned, the plaintiffs could not recover the possession, although they in fact owned the land, and the defendant claimed adversely.   ·This instruction was, I think, erroneous.   Under any view of the facts, the defendant did not, I think, have any such charge upon the land for the repayment of the money paid by him on the contract as would entitle him to hold possession in case the plaintiffs in fact now own the property.   As we are not able to say that the erroneous instruction did not control the verdict, it follows that, as to the plaintiffs George D. L. Harison and Thomas L. Harison, the judgment must be reversed.

The nonsuit as to the plaintiff Gertrude Harison necessarily followed from the exclusion of the proof offered of the will of Richard M. Harison, one of the original plaintiffs.   The objection to the record offered was that it did not show that the will was ever probated.   This objection seems to be a good one.   Code Civ. Proc. §§ 2629–2633; 1 Whart. Ev. § 66; Thorn v. Shiel, 15 Abb. Prac. (N. S.) 84; King v. King, 39 Hun, 220.   And we are shown nothing to the contrary.

Judgment and order reversed as to the appellants George D. L. Harison and Thomas L. Harison, and new trial granted; costs to abide the event.   Judgment and order affirmed as to appellant Gertrude Harison.   All concur.