■ In the Matter of DRAPER DIVISION OF NORTH AMERICAN ROCKWELL CORPORATION, Appellant, v. BOARD OF ASSESSORS OF THE TOWN OF PIERCEFIELD, Respondent. (And Two Other Proceedings.) — Appeal from an order of the Supreme Court at Special Term, entered in St. Lawrence County, which denied petitioners' motions for judgment on the pleadings, after a hearing as to illegality, and ordered the case to proceed as to the issue of overvaluation. (Real Property Tax Law, § 720.) As a result of reassessment, the respondent's assessments were placed on cards and not finalized onto a roll in time to meet the Real Property Tax Law requirements for review procedures. Because of this, appellants challenge the legality of the tax roll claiming respondent failed to comply with section 502 of the Real Property Tax Law, which requires the filing of a formal assessment roll; section 514 requiring verification of the roll; and section 516 requiring a filing within a certain time limit and that notice of such filing be published and posted. The cases have consistently held that a showing of injury or prejudice is required before procedures set forth in the statute will be regarded as mandatory. Failure to comply with them does not in and by itself void the tax roll. (*Rose* v. *Elliott*, 218 App. Div. 287.) The purpose of the provisions of the Real Property Tax Law is to give the taxpayer notice of the assessment so that he may protest the action within the time limitation specified. Petitioners were notified well in advance of the assessment changes and were granted an informal hearing. They protested the assessments and attended a grievance hearing. They have filed a timely petition for judicial review. It is conceded that petitioners have inspected the assessment cards which were used by the assessors (and to which they object) and that the property on the tax map could be identified. Petitioners do not claim that they were deprived of any pertinent information. The only injury claimed by petitioners is that assessments of their property are unequal by reason of overvaluation. They will have a judicial determination of that. They are not entitled to have their assessment for 1971 voided for illegality. Order affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.