EUGENE MARGESON, Plaintiff, v. RAYMOND SMITH et al., Constituting the Board of Assessors of the Town of Cameron, Defendants.— Controversy unanimously determined in favor of plaintiff, without costs, and judgment entered in accordance with the following Memorandum: The defendants, Assessors of the Town of Cameron, Steuben County, New York, reassessed property within the town and mailed notices of increased assessments to plaintiff and others. Written across the notice sent to plaintiff was the legend " all land $10.00 per acre." Plaintiff's assessments was increased from $1,800 to $3,500 (including an item of $500 for new improvements). It appears from the testimony that the Board of Assessors increased several, if not all, parcels of land of acreage size in the town, so that each was valued at $10 per acre more regardless of the prior valuation and without any demonstrated relationship between the new assessed value of the land and the market value. Section 306 of the Real Property Tax Law provides that all real property should be assessed at full value and this has been equated with market value (*People ex rel. Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126; *Matter of Pepsi Cola Co.* v. *Tax Comm.,* 19 A D 2d 56, 59). Property need not be assessed at 100% of market value as long as the assessments are uniform (*C.H.O.B. Assoc.* v. *Board of Assessors of County of Nassau,* 45 Misc 2d 184, 192, affd. 22 A D 2d 1015, affd. 16 N Y 2d 779). By increasing each acreage assessment $10 per acre without regard to the inherent value of the land, the assessors acted arbitrarily. Manifestly the roll became unequal since those lands which had been assessed previously at less than $10 per acre had a greater percentage increase than those that had been previously assessed at more than $10 per acre. While the defect resulting from the increase appears to exist with respect to several properties of acreage size, we are unable to make a general finding to that effect on the limited facts before us. The plaintiff is entitled to a declaration that his assessment of acreage increased by $10 per acre for the tax year 1972 is invalid for inequality (CPLR 3222). Plaintiff further contends that the assessments are illegal and the roll void in its entirety since certain notice provisions of section 506 of the Real Property Tax Law were not complied with. While it is agreed that these requirements were not met, a showing of prejudice or injury to plaintiff is required before the procedure set forth in the statute will be regarded as mandatory (*Matter of Draper Division of North Amer. Rockwell Corp.* v. *Board of Assessors of Town of Piercefield,* 37 A D 2d 1038). Plaintiff had adequate notice and pursued his remedies of protest, grievance and review, the defects in the notice notwithstanding, and no prejudice is shown which requires voiding the tax roll in its entirety. (Submission of con-

troversy to determine proper method of assessment.) Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Simons, JJ.