HAROLD VAN WORMER, Appellant, *v.* JOHN GIOVATTO et al., Respondents.

Third Department, August 2, 1973.

*Alford & Lynes* (*David B. Alford* of counsel), for appellant.

*Fritts & Whiting* (*Roger M. Fritts* of counsel), for John Giovatto, respondent.

*Henry B. Whitbeck, County Attorney,* for Harold O. Esmay, respondent.

GREENBLOTT, J. This is an appeal from a judgment of the Supreme Court in favor of the defendants, entered June 28, 1972 in Schoharie County, upon a decision of the court at a Trial Term, without a jury.

In 1960, Wellington E. Van Wormer died, leaving the real property in question to the appellant by will. The property consisted of two adjacent parcels separated by a creek, one improved with a residence and the other vacant. The parcels were taxed as a unit. In 1966, the county property tax was not paid, and in October, 1966 the respondent Giovatto purchased the property at a tax sale for $154.28, which amount included the unpaid tax, plus interest and penalties. Giovatto was given

a tax deed in 1967, and after the three-year period for redemption (Real Property Tax Law, § 1022, subd. 1) had expired, this deed was recorded. Although notice by publication of the tax sale and of the right of redemption was given in compliance with applicable statutes (Real Property Tax Law, §§ 1002, 1014), appellant was never personally served with notice of the steps which were being taken to divest him of valuable property.

Appellant contended below and on appeal that there were sufficient irregularities in the tax sale and related proceedings to warrant setting aside the tax sale and cancellation of the deed. It is urged that the property should not have been assessed as one, and that the sale of the whole to satisfy the tax deficiency was improper. We need not examine the propriety of a unitary assessment, which was in no wise prejudicial to appellant, but we agree, on the uncontroverted facts on the record before us, that the sale of the entirety should not be upheld.

Subdivision 1 of section 1006 of the Real Property Tax Law provides that the County Treasurer shall commence and continue the tax sale " until so much of each parcel shall be sold as will be sufficient to pay the amount due thereon ". Here, there were two clearly severable parcels, valued respectively at $25,000 and $3,500. The sale of the latter parcel alone would have been overwhelmingly adequate to satisfy the tax deficiency, but the County Treasurer made no effort to sell either parcel or a fraction of either parcel.

It has repeatedly been stated that " the nature of tax sales is such that the owner's title should not be divested unless the statutory requirements are 'strictly observed'" (*Kiamesha Development Corp.* v. *Guild Props.*, 4 N Y 2d 378, 389). The Legislature has authorized each County Treasurer to give effect to the policy of protecting property owners by providing, in subdivision 1 of section 1006, that he may " in his discretion decline to receive a bid on any parcel if in his opinion the bid is made * * * not * * * in good faith." We note that the purpose of section 1006 is to provide a means for local governments to collect taxes which are delinquent, more often than not because of neglect rather than by design, rather than to aid speculators to make spectacular windfall profits. When we consider this purpose in light of the policy repeatedly expressed by the Court of Appeals, and by the Legislature in section 1006, that the rights of property owners should be jealously guarded, we have no trouble taking the view that the

County Treasurer is required to sell as *little* of each parcel as is marketable and will bring a price sufficient to cover taxes due. Such an approach is, to say the least, desirable in view of the procedure employed in tax sales which does not require personal notice to the property owner; it will also serve in most cases, to effect an accommodation between the public interest in collecting delinquent taxes and the equally important interest in the preservation of property rights.

We therefore hold that the respondent County Treasurer committed an abuse of discretion in offering the entire Van Wormer property for sale and in accepting a bid thereon without having first attempted to sell some smaller portion thereof. We recognize, of course, that no precise mathematical formula exists for determining how much of a given unit of property should be offered at a tax sale, and we also realize that a given portion of property may not always be marketable when severed from the remainder. In such circumstances, the County Treasurer will be required to exercise his discretion which, if reasonable, will be upheld. In the case at bar, no such discretion was exercised; however, we are hopeful that this case can be resolved without the necessity of another sale. Therefore, we are remitting the matter to the trial court which should attempt to determine, by the taking of additional testimony if necessary, what portion of the Van Wormer property should have been offered at the tax sale in accordance with the guidelines heretofore set forth. If respondent Giovatto is agreeable to accepting such a parcel, his tax deed should be modified accordingly. If respondent Giovatto does not agree to such modification, judgment should be entered setting aside the tax sale and the deed.

The judgment should be reversed, on the law and the facts, and case remitted for further proceedings not inconsistent herewith, without costs.

HERLIHY, P. J. (concurring). We concur in the result. Upon the present record it is established that the appellant did attempt to remedy or prevent the loss of his property by tax sale and was misled by the County Treasurer's office and thereby prevented from complying with the provisions of subdivision 1 of section 1022 of the Real Property Tax Law. The testimony of the appellant in this regard was as follows:

"THE COURT: What about the taxes that were due in 1966, did you pay them?

"THE WITNESS: When I came down to pay them, they said they had already been paid, I'd have to get in touch with Mr. Giovatto.

"THE COURT: With Mr. whom?

"THE WITNESS: Giovatto.

"THE COURT: Who is he?

"THE WITNESS: He's the one that paid the taxes, I presume."

The County Treasurer when testifying did not dispute the assertion of the appellant that he appeared at his office and attempted to make payment. Additionally, the record clearly establishes that part of the premises was occupied at the time of the tax sale. This contention was not considered by the trial court but, in our opinion, it is sufficient in itself to require reversal.

MAIN, J., concurs with GREENBLOTT, J.; HERLIHY, P. J., and SWEENEY, J., concur in the result in a separate opinion by HERLIHY, P. J.; KANE, J., not taking part.

Judgment reversed, on the law and the facts, and case remitted for further proceedings not inconsistent herewith, without costs.