■ FRANK ARNOLD, Appellant, v HANKOR RENTAL Co., INC., et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered July 1, 1974 in Saratoga County, which denied a motion for summary judgment. This action was commenced under article 15 of the Real Property Actions and Proceedings Law to compel the determination of claims to several parcels of real property purchased by plaintiff from the City of Saratoga Springs, New York (City). The defendant, which obtained title to this real property in 1964, failed to pay the real property taxes due to the City for the years 1964 through November, 1971. The Commissioner of Finance of the City commenced several tax sale proceedings against the realty and bid the property in at tax sales on behalf of the City. In November, 1972 plaintiff purchased tax lien certificates for the real property from the City for the years 1964, 1965, 1967, 1968 and 1971. Defendant paid delinquent real property taxes on the property for the years 1966, 1969 and 1970. The defense to this action is based upon defendant's claim that, at the time the taxes for the said three years were paid, on November 29, 1971, one of its officers was advised by the person receiving the payment that these were the only delinquent taxes on the property. Citing the concurring opinion in *Van Wormer v Giovatto* (42 AD2d 320, app dsmd 34 NY2d 666), Special Term found an issue of fact in this claim that defendant was misled

by someone not a party to this action. *Van Wormer v Giovatto (supra)* involved a parcel in the actual occupancy of a person in which the right of redemption was exercisable within 36 months of the sale (Real Property Tax Law, § 1022, subd 1). This court set aside the tax sale even though the redemption period of the appellant had expired on the ground that the county treasurer failed to attempt to sell a portion of the property to satisfy the tax lien. In a concurring opinion, Mr. Justice Herlihy concluded that the claim of an error by the county treasurer's office almost identical to that claimed herein was sufficient to reverse the lower court opinion upholding the sale. This case differs in that it involves a sale under article 11 rather than article 10 of the Real Property Tax Law. Under subdivision 2 of section 1168 of the Real Property Tax Law, after two years from the issuance of a certificate of sale or other written instrument representing a tax lien, "no evidence" is admissible to rebut the presumptions of the purchaser's title and the validity of the proceedings "unless the holder thereof shall have procured such certificate of sale or such other written instrument by fraud or had previous knowledge that it was fraudulently made or procured". No such provision exists in article 10 and, as such, the concurring opinion in *Van Wormer* is readily distinguishable. There is no allegation in this case of any fraud or prior knowledge of fraud on the part of the plaintiff, and because most of the certificates purchased by plaintiff were issued more than two years prior to the institution of this action in February, 1973, Special Term erroneously concluded that a triable issue of fact was raised by defendant's allegation that it was misled by an erroneous misrepresentation of an employee of the county treasurer. Order reversed, on the law, without costs, and motion granted. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.