EDGAR J. HANDY et al., Appellants, v D'ONOFRIO BROTHERS CONSTRUCTION CORP. et al., Respondents, et al., Defendants.

Third Department, November 10, 1977

*John Maier, III,* for appellants.

*Roger H. Mallery (Marc Wohl* of counsel), for D'Onofrio Brothers Construction Corp., respondent.

KANE, J. This appeal is primarily concerned with the validity of a tax deed in favor of the defendant, D'Onofrio Brothers Construction Corp. (hereinafter D'Onofrio). Specifically, the issues are whether this deed and related affidavits are sufficient to show a meritorious defense to plaintiffs' action and, at the same time, to defeat plaintiffs' alternative motion for summary judgment.

The subject developed real property is located in the Town

of Sharon, Schoharie County, and the foreclosure of a mortgage thereon led to a referee's sale at which the plaintiff, Edgar J. Handy, became the purchaser. His deed was recorded on October 6, 1975. However, the same premises had previously been sold to D'Onofrio on October 21, 1971 by the Schoharie County Treasurer for unpaid taxes and had been conveyed to it by deed dated December 23, 1974 after the period for redemption by the mortgagor or an occupant had expired (Real Property Tax Law, §§ 1022, 1024). D'Onofrio had recorded its deed on January 17, 1975. Plaintiffs commenced the present action pursuant to article 15 of the Real Property Actions and Proceedings Law in May of 1976 claiming, among other things, that certain irregularities preceding the tax sale were sufficient to invalidate D'Onofrio's deed and that the transaction was also void by reason of the Schoharie County Treasurer's failure to offer less than the whole property for sale when a portion would have satisfied the tax delinquency then owing. A default judgment was thereafter entered against D'Onofrio which it promptly moved to vacate. Plaintiffs opposed this motion and cross-moved for summary judgment. In addition, plaintiffs also sought a default judgment against certain other defendants, including one Logothetis, the original owner-mortgagor. Special Term vacated the default judgment and denied plaintiffs' requests for affirmative relief. While plaintiffs no longer contest the excusable nature of D'Onofrio's initial default, they insist that it has not shown a meritorious defense to their complaint and, in any event, that they are entitled to summary judgment. We disagree.

Plaintiffs' action disputes D'Onofrio's claim to the property by questioning the legitimacy of its deed. However, that conveyance carries with it a presumption that all prior proceedings were regular and in accordance with relevant provisions of law (Real Property Tax Law, § 1020, subd 3). In this case the presumption is not binding and plaintiffs may, of course, rebut it, but it is more than a general denial or a conclusory statement of merits and D'Onofrio was certainly justified in relying on it in the first instance as a defense to plaintiffs' legal opinions drawn from their allegations to the contrary.

A different standard governs plaintiffs' motion for summary judgment, but again we agree with Special Term's determination that factual issues exist warranting a refusal to grant such relief. It seems plain from a recitation of the pertinent

occurrences that plaintiffs' claim of title can succeed only if it is demonstrated that D'Onofrio's prior title is bad (see *Erie County Sav. Bank v Schuster,* 187 NY 111; *Becker v Howard,* 66 NY 5; cf. *Doyle v Lazarro,* 33 AD2d 142, affd 33 NY2d 981). Plaintiffs have not shown that the asserted irregularities relating to the tax sale prejudiced or injured them *(Margeson v Smith,* 41 AD2d 896; *Matter of Draper Div. of North Amer. Rockwell Corp. v Board of Assessors of Town of Piercefield,* 37 AD2d 1038. See, also, *Goff v Shultis,* 26 NY2d 240; *Hayes v Blachly,* 40 AD2d 518) and they have not overcome D'Onofrio's affidavits that maintain a sale of less than all of the premises would have been impractical (see *Wood v La Rose,* 35 NY2d 266; *Van Wormer v Giovatto,* 42 AD2d 320, app dsmd 34 NY2d 666). Standing alone, the fact that the Schoharie County Treasurer made no effort to offer a portion of the property for sale does not impress us since the *Van Wormer* case *(supra)* applies only when the failure to do so can be proven to be an abuse of discretion and here D'Onofrio has submitted affidavits indicating that a severance and sale of part of the property would not have been feasible.

Lastly, we agree with plaintiffs that they are entitled to a default judgment against the original owner-mortgagor since that party has neither appeared nor answered in the action and his time to do so has long since passed. However, plaintiffs have not complied with the provisions of CPLR 3215 (subd [e]) as to the remaining defendants and judgment against such other defendants was properly denied.

The order should be modified, on the law and the facts, by reversing so much thereof as denied plaintiffs' application to enter judgment by default against Anthony Logothetis and application granted as to that defendant, and, as so modified, affirmed, without costs.

SWEENEY, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Order modified, on the law and the facts, by reversing so much thereof as denied plaintiffs' application to enter judgment by default against Anthony Logothetis and application granted as to that defendant, and, as so modified, affirmed, without costs.