■ In the Matter of PEPSICO, INC., Petitioner, v ROBERT W. BOUCHARD et al., Constituting the Tax Commission of the State of New York, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed pursuant to articles 28 and 29 of the Tax Law. ¶ On October 15, 1975, petitioner purchased a Grumman Gulfstream aircraft (registration No. 14PC) and paid a sales and use tax of $120 to North Carolina, the

State where the aircraft was acquired. Since May 2, 1976, the airplane has been hangared at Westchester Airport; both before and after that date it made numerous interstate flights. ¶ On October 31, 1977, the New York State Department of Taxation and Finance issued to petitioner a notice of determination and demand for payment of sales and use taxes due on the "1975 Grunman [sic] Gulfstream, Registration #14PC" for $273,000, with penalty and interest of $54,600. After a formal hearing, the assessment was modified in several respects, including cancellation of the penalty and interest in excess of the minimum statutory rate and the granting of a $120 credit for the sales and use tax paid to North Carolina; petitioner's assertions that the assessment was untimely and violated the commerce clause were rejected. The deficiency ultimately upheld was $194,880 plus interest. ¶ Use taxes are assessed on a quarterly basis for the periods ending on the last days of February, May, August and November and are due on March 20, June 20, September 20 and December 20 respectively (Tax Law, § 1136, subd [b]). ¶ The notice of determination at issue declared that the tax due was "for the period 12/20/76". Because the airplane concededly was based in New York State as of May 2, 1976, petitioner contends that the correct taxable period was that ending the last day of May, 1976, and, since the notice stated the period was December 20, 1976, it necessarily referred to the quarter ending November 30, 1976, an obviously incorrect period. Thus, petitioner argues, it could not serve as an assessment and, because no assessment was even proposed for the period ending May 31, 1976, the correct period, an assessment for that quarter is now barred by the three-year Statute of Limitations (Tax Law, § 1147, subd [b]). We find this argument unconvincing. ¶ Initially, we note that the statute mandating that notice be given does not prescribe the content of the notice (Tax Law, § 1138, subd [a], par [1]) and, significantly, that the notice given, which undeniably was furnished within three years of June 20, 1976, the date petitioner's return for the quarter ending May 31, 1976 was filed, accomplished its purpose of apprising petitioner that sales and use taxes had not been paid on this particular aircraft (see *Harten v Kline,* 71 Misc 2d 187, 189). Since use taxes on corporate aircraft require a one-time payment when the aircraft is based in New York State, and here the parties agree on that date, the defect in the notice, namely reference to an incorrect date, was an immaterial one causing no harm or prejudice to petitioner; hence, it did not render the assessment void in its entirety (cf. *Margeson v Smith,* 41 AD2d 896). That petitioner was not confused by the notice and that it was adequately informed of the need to pursue remedies of protest and review is apparent from the very fact of its timely challenge to the assessment. ¶ Petitioner's constitutional argument, i.e., that the assessment is invalid because it violates the commerce clause of the United States Constitution, is equally unavailing. Although petitioner recognizes that New York's sales and compensating use taxes generally are not an unconstitutional burden on interstate commerce (*Matter of Atlantic Gulf & Pacific Co. v Gerosa,* 16 NY2d 1, app dsmd 382 US 368), it suggests that the use tax is unconstitutional in this instance because the airplane, having been utilized in interstate journeys both before and after being based in New York State, could no longer be subject to State use taxes. We disagree. When the airplane became hangared or otherwise had come to rest in New York State, a taxable event occurred, rendering the State free to tax the aircraft (*Matter of International Tel. & Tel. Corp. v State Tax Comm.,* 70 AD2d 700, 701; see *Matter of Airlift Int. v State Tax Comm.,* 52 AD2d 688). ¶ Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.