■ In the Matter of FRANK W. SOCCI et al., Respondents-Appellants, v SHIRLEY STONE, Appellant-Respondent, and JOHN V. SCADUTO, as Treasurer of the County of Nassau, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to set aside the sale of a tax lien and to cancel the tax deed issued pursuant thereto, (1) the appeal by Shirley Stone is from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered May 14, 1984, which, *inter alia,* granted the petition and set aside the sale of the tax lien and directed the cancellation of the tax deed, and (2) the cross appeal by the petitioners is from so much of the same judgment as directed the respondent Treasurer of Nassau County, *inter alia,* to receive from them the sum necessary to redeem the tax lien.

Judgment reversed, on the law, without costs or disbursements, petition dismissed on the merits, and sale of the tax lien and tax deed reinstated.

Since the Nassau County Administrative Code is silent as to the notice of a tax lien sale to be given to the property owner

(see, *Sussman v Hendrickson,* 123 Misc 2d 949), Real Property Tax Law § 1002 (4) applies and requires that notice be mailed to the owner or occupant by the County Treasurer *(see, Moss Estate v Town of Ossining,* 268 NY 114; *Matter of Stevens Med. Arts Bldg. v City of Mount Vernon,* 72 AD2d 177). As a consequence of the general rule that a public official presumptively acts in accordance with his official duties *(Matter of Driscoll v Troy Hous. Auth.,* 6 NY2d 513; *Matter of McSpedon v Roberts,* 117 Misc 2d 679), there is a presumption at bar that the notice requirement of Real Property Tax Law § 1002 (4) has been complied with. That presumption was not sufficiently rebutted by the petitioners' assertion that they do not recall receiving such notice, particularly where the assertion was made more than three years after the notice was allegedly sent *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828; *Handy v D'Onofrio Bros. Constr. Corp.,* 59 AD2d 254; *A. & B. Serv. Sta. v State of New York,* 50 AD2d 973). Thus, Special Term erred in finding that the respondents failed to sustain their burden of establishing that notice of the tax lien sale was given.

Furthermore, although the appellant-respondent Stone admits failure to comply with the Nassau County Administrative Code in that she did not serve the judgment creditor of one of the property owners with notice to redeem the tax lien, the petitioners may not be permitted to assert this noncompliance as it has not been established that they have been prejudiced thereby *(see, Matter of Pepsico, Inc. v Bouchard,* 102 AD2d 1000; *Handy v D'Onofrio Bros. Constr. Corp., supra; Margeson v Smith,* 41 AD2d 896).

In light of the foregoing, we need not reach the issue of whether due process requires notice by mail of a tax lien sale *(see, Mennonite Bd. of Missions v Adams,* 462 US 791). Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.