■ In the Matter of FORECLOSURE OF TAX LIENS PURSUANT TO ARTICLE II, TITLE 3, OF THE REAL PROPERTY TAX LAW. COUNTY OF DUTCHESS, Respondent; JAMES MILANO, Appellant. [782 NYS2d 359]—

In a proceeding to foreclose tax liens, James Milano appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated July 31, 2003, which denied his motion to vacate a judgment of the same court dated November 3, 1999, inter alia, awarding title and possession of the subject property to the County of Dutchess.

Ordered that the order is affirmed, with costs.

Real Property Tax Law § 1168 provides that a written instrument representing a tax lien is presumptive evidence "of the truth of the statements therein, and of the regularity and validity of all proceedings had in reference to the taxes," which presumption may not be rebutted more than two years after its issuance "unless the holder thereof shall have procured [the written instrument] by fraud or had previous knowledge that it was fraudulently made." The appellant failed to plead a cognizable claim of fraud against the County of Dutchess (*see Arnold v Hankor Rental Co.*, 47 AD2d 966, 967 [1975]). Thus, as the appellant's challenge to the judgment of foreclosure was made more than two years after the foreclosure deed, it was untimely (*see* Real Property Tax Law § 1168). Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.