PEOPLE ex rel. BROOKLYN UNION ELEVATED R. CO. et al. v. MORGAN, Comptroller.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

.1. TAXATION—SALE—WHO ENTITLED TO REDEEM.

A purchaser at a mortgage foreclosure sale is "the holder of a mortgage," within the tax law (Laws 1896, p. 845, c. 908, § 139, as amended by Laws 1897, p. 274, c. 373), which authorizes redemption from a tax sale to be made by "the holder of any mortgage which is duly recorded at the time of the sale."

Certiorari by the people, on the relation of the Brooklyn Union Elevated Railroad Company, Anson R. Flower, and the Central Trust Company, to review the determination of William J. Morgan, as Comptroller of the state of New York, denying the application of Flower and the trust company for leave to redeem certain lands from a sale for unpaid taxes. Determination reversed.

The relator Flower in March, 1899, purchased the lands in question upon a sale in foreclosure of a mortgage held by the relator the Central Trust Company. Thereafter the premises were conveyed by several mesne conveyances to the relator the Brooklyn Union Elevated Railroad Company. In November, 1895, the lands were sold by the Comptroller for unpaid taxes for the year 1892—much the larger portion to the state, and other smaller portions to various individuals. The mortgage foreclosed was recorded before the assessment of such taxes. In April, 1899, Flower and the Central Trust Company applied, by a petition filed with the Comptroller, for leave to redeem the lands from such tax sale, and offered and tendered to the Comptroller the full amount for which such lands were sold at said tax sale, together with all costs, interest, and charges of every kind. The application was denied by the Comptroller on the ground that Flower was not "the holder of a mortgage," within the meaning of the statute authorizing a redemption by "the holder of any mortgage" (Tax Law; Laws 1896, p. 845, c. 908, § 139, as amended by Laws 1897, p. 274, c. 373), and this writ was issued to review that determination.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Sheehan & Collin, for relators.

John Cunneen, Atty. Gen., and William H. Wood, Dep. Atty. Gen., for Comptroller.

CHESTER, J. It is conceded that the time for redemption from this tax sale had not expired when the application to redeem, and the tender of the full amount of money required for such redemption, were made to the Comptroller. The law in force at the time authorized such redemption to be made by "the holder of any mortgage which is duly recorded at the time of the sale." Tax Law (Laws 1896, p. 845, c. 908, § 139, as amended by Laws 1897, p. 274, c. 373). It is

therefore entirely clear that if the mortgage had not been foreclosed, and the holder of the mortgage, the Central Trust Company, had made the application to redeem, such redemption would have been authorized, and would have been within the express letter of the statute. Or if this mortgage had been assigned to Flower, who afterwards became the purchaser on the foreclosure sale, he would have been the holder of the mortgage, and entitled, under the law, to redeem. While, under the letter of the law, and by a strict construction of it, he is not, after a purchase at a sale under a foreclosure of the mortgage, a holder of the mortgage, yet by virtue of such sale he becomes possessed of all of the rights, title, and interest of the mortgagee in the premises. He even gets more than this. Section 1632 of the Code of Civil Procedure provides that "a conveyance upon a sale made pursuant to a final judgment in an action to foreclose a mortgage upon real property  *  *  *  is as valid as if it was executed by the mortgagor and mortgagee and is an entire bar against each of them." The effect of a foreclosure deed is to vest in the purchaser the entire estate of the mortgagor and mortgagee as of the date of the mortgage. Rector, etc., v. Mack, 93 N. Y. 488, 45 Am. Rep. 260.

The equities in this case, it seems to me, are all with the relators. It has been held that a purchaser at a mortgage foreclosure sale, void as against the owner of the equity of redemption, becomes, in legal effect, assignee of the mortgage. Townshend v. Thomson, 139 N. Y. 161, 34 N. E. 891. See, also, Green v. Mussey, 76 App. Div. 174, 78 N. Y. Supp. 434. But assuming that the foreclosure here was complete as to the persons entitled to be made parties to the foreclosure action, I think the purchaser at the sale should be deemed, in equity, to be the holder of the mortgage for the purposes, at least, of permitting him, as such holder, to have the benefit of the right to redeem from this tax sale under the circumstances presented here. This is simply giving to him the right which the mortgagee clearly had before the sale. The mortgagee has joined with him in this application, and I think the statute should not be construed to prevent the purchaser from having this right after the interests of the mortgagee in the mortgaged property have passed to the purchaser. I cannot bring myself to believe that the purpose of putting the words "holder of any mortgage" in the statute was intended by the Legislature to work such an injustice as would be accomplished here, if, after a foreclosure, when the right to redeem has not expired, the purchaser could not do what the mortgagee could have done in this respect before the foreclosure.

The determination of the Comptroller should be reversed, and the Comptroller directed to grant the application of the relators to redeem from the tax sale, with $50 costs and disbursements. All concur.