W. KINTZING POST, Respondent, *v.* RANDOLPH COWAN, Appellant, Impleaded with ELLIS T. TERRY, as County Treasurer of Suffolk County, Defendant.

Second Department, June 24, 1932.

*Saul Selig Bloom,* for the appellant.

*Leon R. Jillson,* for the respondent.

YOUNG, J.  The action is brought to cancel a tax deed made by the county treasurer of Suffolk county to the appellant on November 19, 1931.  The complaint alleges in substance that plaintiff is by assignment the owner of a mortgage dated July 20, 1926, and duly recorded, upon the premises conveyed by the tax deed; that, on October 26, 1928, the premises in question were sold by the county treasurer of Suffolk county to the appellant for the unpaid taxes of 1927; that the appellant has never given to the plaintiff any notice of this tax sale as required by the provisions of section 138 of the Tax Law, and that, on December 28, 1931, plaintiff filed with the county treasurer of Suffolk county a written description of his mortgage and duly paid to said county treasurer, for the use of the appellant, $218.78, the amount required to redeem the premises; that, prior to January 6, 1932, the county treasurer notified the appellant thereof and requested the surrender of the tax deed for cancellation; and that the appellant refused to surrender the same.·  The complaint prays its cancellation.

The appellant moved to dismiss the complaint for failure to state a cause of action.  The Special Term denied his motion and made the order appealed from.

Prior to March 28, 1931, the right of a mortgagee to redeem from a tax sale was governed by sections 138 and 139 of the Tax Law as they then existed.  Section 138 of that law then provided in substance that the lien of a mortgage, duly recorded at the time of the tax sale, upon lands sold for taxes shall not be destroyed or affected, but that the purchaser at the tax sale shall give to the mortgagee a written notice of such sale within two years from the expiration of the year allowed to redeem, requiring him to pay the

amount of the purchase money, with interest at the rate allowed on redemption by occupants, within six months after giving the notice. Section 139 of the same law then provided in substance that the holder of any mortgage recorded at the time of such sale may, at any time after the sale and before the expiration of six months from the giving of the notice required by sect on 138 (*supra*), redeem the premises so sold; " provided, however, that the notice required to be given under the preceding section shall be given only in case the holder of the mortgage or some one on his behalf shall within two years from the time of such sale, file with the department of taxation and finance a notice, stating the names of the mortgagor and mortgagee, the date of the mortgage, the place, volume and page of record thereof, the amount claimed to be due thereon," etc., with the name of the person or persons claiming notice, their residence, and the post office to which such notice shall be addressed.

By chapter 179 of the Laws of 1931, which took effect on March 28, 1931, these two sections of the Tax Law were amended. The amendment to section 138, although the language of the section was altered, did not change the requirement made by the previous statute for notice by the purchaser at the tax sale to the holder of a recorded mortgage. Section 139, however, as amended, omits the proviso above quoted and does not require the notice by the mortgagee therein specified to entitle him to notice of the tax sale from the purchaser.

Both of the sections above referred to relate to tax sales made by the State, but, by section 158, these provisions were made to apply to sales by county treasurers.

It will be observed that the amended statute did not become effective until long after the tax sale of October 26, 1928, at which the appellant purchased the premises, but did take effect about seven months before the time for redemption expired under the statute in effect prior to the amendment. There is no allegation in the complaint that plaintiff complied with the provisions of the statute, applicable at the time of the tax sale, by filing the notice required by section 139 (*supra*). Therefore, if the statute had remained unamended the appellant was not required to give plaintiff, as a mortgagee, the notice required by section 138 (*supra*). The question presented by th's appeal, therefore, is whether the amendatory statute applies to this tax sale, and whether plaintiff, under the provisions of section 139 (*supra*), as amended, may redeem at any time without filing the notice required by section 139 (*supra*) before its amendment, because the appellant, as alleged in the complaint, never gave plaintiff any notice of such tax sale. The

appeal presents the further question whether, assuming these amendments to be retroactive and applicable to this tax sale, they are constitutional.

The learned Special Term, in its opinion, held in substance that these amendments applied to prior tax sales, merely effected changes in procedure, did not violate any property right, allowed the purchaser full compensatory interest, and were constitutional. If this construction is correct, these amendments in effect extend plaintiff's time to redeem from a prior tax sale.

The Court of Appeals has not, so far as I have been able to find, passed upon this question. But in *Dikeman* v. *Dikeman* (11 Paige, 484), decided by the former Court of Chancery in 1845, it was held that, where lands have been sold for taxes during the existence of a law which entitled the purchaser to an absolute deed or to a lease in case the premises were not redeemed within a specified time, it is not competent for the Legislature to extend the time for redemption, and thus deprive the purchaser of the right to the possession and enjoyment of the premises without providing adequate compensation; that the requirement of the statute of the payment of an additional percentage, if the owners elected to redeem within six months after service of notice, did not provide compensation for depriving the purchaser of a portion of his term, but that the value of his purchase would be diminished to a greater or less extent where his purchase was for a shorter or longer term in the premises. The respondent contends that this ruling was unnecessary to the decision of that case, and was, therefore, mere dicta. It is true that the decision in that case was made on other grounds. But the court further said that the constitutional question was also raised and had been fully discussed and should be considered. That case has never been overruled or questioned, and in my opinion, therefore, should be followed. (See, also, 1 A. L. R. 143; 4 Cooley Taxation [4th ed.], § 1561.)

There seems to be some conflict of authority on this question in the courts of other States. But in the absence of some later controlling authority in this State, we should follow *Dikeman* v. *Dikeman* (*supra*). That case involved a tax lease for a long term of years, while the case at bar involves a tax deed under which the purchaser, if the premises are not redeemed, acquires title in fee. I cannot see, however, that there is any distinction in principle between the two cases. The appellant, in my opinion, acquired a vested right by his purchase at the tax sale under a contract made under the law as it then existed, and upon the terms prescribed by that law, and any attempt by the Legislature to impose new terms in that contract or to extend the time to redeem would

be unconstitutional as impairing the obligation of a contract. A construction which tends to that result should be avoided.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., KAPPER and TOMPKINS, JJ., concur; HAGARTY, J., dissents.

Order denying motion to dismiss the complaint for insufficiency reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.