WILLIAM H. LOWE, Appellant, *v.* OZIAS R. SHELDON and Others, Respondents, Impleaded with JOSEPH ELDREDGE and Another, Defendants.

Third Department, April 28, 1937.

*Sharon J. Mauhs* [*John F. X. McGohey* and *Colin McLennan* of counsel], for the appellant.

*Milo R. Kniffen* and *Everett D. Mereness*, for the respondents Sheldon.

*Everett D. Mereness*, for the respondents County of Schoharie and Fred C. Beagle, as county treasurer.

*William H. Golding*, for the respondent Pfeiffer.

*Everett D. Mereness* of counsel, for the respondents.

CRAPSER, J. This is an action by a mortgagee of land for a judgment that the tax sale held by the county treasurer of Schoharie county on October 28, 1930, be adjudged null and void and that the deeds executed under such sale be adjudged null and void and of no effect and be canceled of record and that the plaintiff's mortgage be adjudged to be a valid and existing lien on the premises, and that the plaintiff, as mortgagee, be permitted to redeem said premises from said tax sale.

On August 6, 1930, Joseph Eldredge, one of the defendants, was the owner of certain real property described in the complaint, and he executed and delivered to the plaintiff his bond and mortgage in the sum of $1,800, which amount he received in cash from the plaintiff on that day, and the mortgage was duly recorded in the Schoharie county clerk's office on August 7, 1930, and remains wholly unpaid.

On October 28, 1930, the county treasurer of Schoharie county sold the property covered by said mortgage to the county of Schoharie for the sum of $157.33, which was the amount of unpaid school, town and county taxes upon said property for the year 1929.

On November 28, 1931, the county treasurer executed and delivered a deed of said premises to the county of Schoharie; said deed, however, was not recorded until May 8, 1934, and the property continued to be assessed on the assessment rolls to Joseph Eldredge,

the owner before the tax sale. On May 8, 1934, the county of Schoharie sold and conveyed the property in question to the defendants Sheldon for the sum of $897.15.

The plaintiff did not know that the 1929 taxes on the property remained unpaid. He never saw or received any notice of the tax sale in question, nor was he ever served with a notice to redeem. The property consisted of a hundred acres of land with farm buildings and a two-story dwelling thereon, conceded to be worth at least $5,000 at the time of the tax sale.

Shortly after the purchase by the defendants Sheldon they conveyed ten acres of the land to the defendant Pfeiffer for the sum of $500 and to the New York Power and Light Corporation a certain easement of rights of way. Eldredge joined the defendants Sheldon as one of the grantors.

In the year 1934 the plaintiff learned of the transfer of the property to the defendants Sheldon. The plaintiff, on learning of the tax sale, offered in writing to redeem the property and to pay the county treasurer of Schoharie county or those claiming under him the sum of $1,068.35, the amount of the taxes, interest and penalties accrued up to May 3, 1935, and tendered the amount in United States currency to the county treasurer on the said date. This offer and tender being refused, the plaintiff kept the same good by depositing that amount in the Bank of Richmondville, N. Y., a depositary of county funds, to the order of the county treasurer of Schoharie county and those claiming under it. Said tender is still on deposit in the said bank to the order of the county treasurer and those claiming under him.

Prior to March 28, 1931, the right of a mortgagee to redeem from a tax sale was governed by sections 138 and 139 of the Tax Law as they then existed. Section 138 of that law then provided in substance that the lien of a mortgage duly recorded at the time of the tax sale upon land sold for taxes shall not be destroyed or vacated, but that the purchaser at the tax sale shall give to the mortgagee a written notice of such sale within two years from the expiration of the year allowed to redeem, requiring him to pay the amount of the purchase money with interest, the amount paid for the deed, if any, together with any taxes on such lands which the purchaser or his assigns shall have paid subsequent to such sale, as provided in the succeeding section, within six months after giving the notice.

Section 139 of the same law then provided in substance that the holder of any mortgage recorded at the time of such sale may, at any time after the sale and before six months from the giving of the notice required by section 138, redeem the premises so sold; pro-

vided, however, that the notice required to be given under the preceding section shall be given only in case the holder of the mortgage or someone on his behalf shall within two years from the time of such sale, file with the Department of Taxation and Finance a notice stating the names of the mortgagor and mortgagee, the date of the mortgage, the place, volume and page of recording thereof, the amount claimed to be due thereon, etc., with the names of the persons claiming notice and the residence and post office to which such notice shall be addressed.

By chapter 179 of the Laws of 1931, which took effect March 28, 1931, these two sections of the Tax Law were amended. The amendment to section 138, although the language of the section was altered, did not change the requirement made by the previous statute for notice by the purchaser at the tax sale to the holder of the recorded mortgage.

Section 139, however, as amended, omits the proviso above quoted and does not require the notice by the mortgagee therein specified to entitle him to notice of the tax sale from the purchaser.

Both of the sections referred to relate to tax sales made by the State, but by section 158 these provisions were made to apply to sales made by county treasurers.

No notice to redeem was ever served upon the plaintiff, the recorded holder of the said mortgage, at the time of the tax sale. The plaintiff did not within two years from the time of such sale file with the county treasurer the notice required by section 139 of the Tax Law as it was prior to its amendment.

On March 28, 1931, sections 138 and 139 of the Tax Law were amended, as hereinbefore stated, to take effect immediately; there was no saving clause in the amendment. This was seven months prior to the expiration of the one year after the tax sale, eight months prior to the date of the tax deed to the county of Schoharie, nineteen months prior to the expiration of the time in which the mortgagee could have served a notice of his mortgage under the law as it existed at the time of the tax sale and many months before the mortgagee's right to redeem would have expired had he taken his full time in which to serve his notice had the purchaser at the tax sale served his notice immediately.

It must be remembered that the defendant county failed to record its tax deed received on November 28, 1931, until May 8, 1934, and it allowed subsequent assessments of the property to be continued in the name of the defendant Eldredge.

It was held in the court below that, since the tax sale of October 28, 1930, was prior to the 1931 amendments to sections 138 and 139 of the Tax Law, all subsequent proceedings were governed by the

requirements of the law as it existed prior to the amendments. With this proposition I am unable to agree. The county itself was the purchaser.

The right to redeem from a tax sale is dependent for its existence upon, and is governed by, the law in force when the sale was made.

" The relative rights of the parties, having become fixed and vested at the time of the tax sale, cannot be affected by subsequent legislation, except, it has been held, where no contract obligation will be affected thereby, as, for example, where the State itself, or the county, is the purchaser, in which case an extension of the period of redemption is not within the meaning of a constitutional prohibition against the postponement of any obligation or liability to the State." (61 C. J. pp. 1243, 1244.)

" The rule that a statute extending the time to redeem from a tax sale is not constitutionally applicable to sales made before its enactment is subject to an exception where the State itself, or some other government agency, is the purchaser at the sale, as the extension of the time in that case is not a violation of a contract right, but an act of grace. * * *

" It is to be noted, however, that this exception does not extend to a case where the government agency has assigned the certificate originally issued to it to a private individual, prior to the time when the statute extending the time for redemption took effect." (38 A. L. R. 229; 1 id. 143, 145; 89 id. 966; *Mabie* v. *Fuller*, 255 N. Y. 194.)

The court below based its decision on the case of *Dikeman* v. *Dikeman* (11 Paige, 484) and the case of *Post* v. *Cowan* (236 App. Div. 26). In the *Dikeman* case, decided by the former Court of Chancery in 1845, it was held that where the lands had been sold for taxes during the existence of a law which entitled the purchaser to an absolute deed or to a lease in case the premises were not redeemed within a specified time, it was not competent for the Legislature to extend the time for redemption and thus deprive the purchaser of the right of possession and enjoyment of the premises without providing adequate compensation; that the requirement of the statute for the payment of an additional percentage if the owner elected to redeem within six months after the service of the notice, did not provide compensation for depriving the purchaser of a portion of his term, but that the value of his purchase would be diminished to a greater or less extent where the purchase was for a shorter or longer term in the premises.

In *Post* v. *Cowan*, " The action is brought to cancel a tax deed made by the county treasurer of Suffolk county to the appellant

on November 19, 1931. The complaint alleges in substance that plaintiff is by assignment the owner of a mortgage dated July 20, 1926, and duly recorded, upon the premises conveyed by the tax deed; that, on October 26, 1928, the premises in question were sold by the county treasurer of Suffolk county to the appellant for the unpaid taxes of 1927; that the appellant has never given to the plaintiff any notice of this tax sale as required by the provisions of section 138 of the Tax Law, and that, on December 28, 1931, plaintiff filed with the county treasurer of Suffolk county a written description of his mortgage and duly paid to said county treasurer, for the use of the appellant, $218.78, the amount required to redeem the premises; that, prior to January 6, 1932, the county treasurer notified the appellant thereof and requested the surrender of the tax deed for cancellation; and that the appellant refused to surrender the same. The complaint prays its cancellation."

The appellant moved to dismiss the complaint for failure to state a cause of action. The Special Term denied his motion and made the order appealed from.

The court held that the appellant " acquired a vested right by his purchase at the tax sale under a contract made under the law as it then existed, and upon the terms prescribed by that law, and any attempt by the Legislature to impose new terms in that contract or to extend the time to redeem would be unconstitutional as impairing the obligation of a contract."

I am entirely agreed with the decision of the court in that case, but it is not an authority in the instant case because in the instant case the sale was to the county and the county was the owner at the time that the Tax Law was amended and, therefore, under the authorities cited herein no contract obligation was affected by the legislation because the county was the purchaser and plaintiff's right to redeem is governed by sections 138 and 139, as amended by chapter 179 of the Laws of 1931.

The decision and judgment of the trial court in favor of the defendants, dismissing the plaintiff's complaint, with costs, and directing the cancellation of the plaintiff's mortgage, together with all the defendants' findings of fact and conclusions of law supporting the same, are reversed and vacated on the law and on the facts, with costs. Plaintiff's request to find CIV is found and all of plaintiff's requests to find as found by the trial court are found and a judgment is ordered in favor of plaintiff as follows:

1. That the plaintiff's mortgage be adjudged to be a valid and existing lien upon the property in question in full force and effect, superior to the claims of each of the defendants.

2. That the Schoharie county clerk be ordered and directed to reinstate the plaintiff's mortgage of record.

3. That the plaintiff, as the mortgagee of said property, be permitted to redeem the same from said tax sale in accordance with the statute in force on May 3, 1935, when the plaintiff offered in writing to redeem the same with the payment of $1,068.35.

4. That the plaintiff, as the owner and holder of such mortgage, have a lien upon the premises so redeemed for the amount he is obliged to pay to redeem the same, with interest, from the time of payment, in like manner as if it had been included in the mortgage.

5. That upon the redemption by the plaintiff from said tax sale the tax deed from the defendant county treasurer to the defendant county and the deed from the defendant county to the defendants Sheldon be adjudged null and void and canceled of record.

HILL, P. J., McNAMEE and HEFFERNAN, JJ., concur; BLISS, J., dissents and votes to affirm.

Judgment reversed on the law and facts, with costs, and judgment ordered in favor of plaintiff in accordance with opinion.