WILLIAM H. LOWE, Respondent, *v.* OZIAS R. SHELDON
et al., Appellants, Impleaded with Others.

Argued October 19, 1937; decided November 16, 1937.

*Everett D. Mereness* and *Milo R. Kniffen* for appellants. Respondent was not entitled to a personal notice of the tax sale or a personal notice to redeem. (*Post* v.

Cowan, 236 App. Div. 26; Sheldon v. Russell, 91 Misc.
Rep. 278; Dikeman v. Dikeman, 11 Paige, 484; Hennepin
Improvement Co. v. Schuster, 66 Misc. Rep. 634; Mabie
v. Fuller, 255 N. Y. 194; Levy v. Newman, 130 N. Y.
11; People v. Moynahan, 148 App. Div. 744; 205 N. Y.
590.) Respondent's failure to serve notice required by
section 139 of Tax Law, prior to amendment, lost his
right of redemption. (People v. Moynahan, 148 App.
Div. 744; 205 N. Y. 590; Levy v. Newman, 130 N. Y. 11;
People v. Carnal, 6 N. Y. 463; Matter of Evergreens, 47
N. Y. 216; Stone v. Flower, 47 N. Y. 566; Amsbry v. Hinds,
48 N. Y. 57; Matter of Miller, 110 N. Y. 216; Walker v.
Walker, 155 N. Y. 77; Matter of Andersen, 178 N. Y. 416;
Fitzpatrick v. Bolan, 57 N. Y. 433; New York & Oswego
Midland R.R. Co. v. Van Horn, 57 N. Y. 473; People
v. O'Brien, 111 N. Y. 1; McCahill v. Hamilton, 20 Hun,
388; Reinhardt v. Fritzsche, 69 Hun, 565; Curtis v. Leavitt,
15 N. Y. 9; Dash v. Van Kleeck, 7 Johns. 477; Salters v.
Tobias, 3 Paige, 338; Goillotel v. City of New York, 87
N. Y. 441; Dodin v. Dodin, 16 App. Div. 42; 162 N. Y.
635; Stevenson Brewing Co. v. Eastern Brewing Co.,
22 App. Div. 523; 165 N. Y. 634.) The Appellate
Division erred in the reversal of the judgment of the
trial court. (Mabie v. Fuller, 255 N. Y. 194.)

Sharon J. Mauhs for respondent. Since plaintiff was
never served with the notice required by section 138
of the Tax Law (Cons. Laws, ch. 60), as amended, his
right to redeem was never cut off. (Curtis v. Whitney,
80 U. S. 68; Vance v. Vance, 108 U. S. 514; Fourth Nat.
Bank v. Francklyn, 120 U. S. 747; Hamilton Gas Light &
Coke Co. v. Hamilton City, 146 U. S. 258; New Orleans
Water Works Co. v. Louisiana, 185 U. S. 336; Diamond
Glue v. United States Glue Co., 187 U. S. 611; Knoxville
Water Co. v. Knoxville, 200 U. S. 22; Reitler v. Harris,
223 U. S. 437; Conley v. Barton, 260 U. S. 677; Home
Building & Loan Assn. v. Blaisdell, 290 U. S. 398; People
ex rel. Pincus v. Adams, 274 N. Y. 447; Curtis v. Leavitt,

15 N. Y. 9.) No contract obligation will be affected by legislation enacted after a tax sale where the county is the purchaser. (*State* v. *Lawler*, 53 N. D. 278; *Allen* v. *Peterson*, 38 Wash. 599; *Sandys* v. *Robinson*, 26 S. D. 281.)

*Per Curiam.* We are in agreement with the Appellate Division in the conclusion which it reached. We are of the opinion, however, that the amendment of section 139 of the Tax Law (Cons. Laws, ch. 60), under the facts of this case, effected a mere change of procedure and was, therefore, constitutional even between private parties. (Cf. *Curtis* v. *Whitney*, 80 U. S. 68; *Conley* v. *Barton*, 260 U. S. 677.)

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed, etc.