In the Matter of the Application of EDITH KESSLER, Petitioner, Appellant, for an Order to Compel Performance of a Duty, Specifically Enjoined by Law, by ROY C. JOHNSTON, as County Treasurer of Sullivan County, New York, Respondent.

Third Department, March 9, 1938.

*William S. Glickman,* for the appellant.

*Lazarus I. Levine,* for the respondent.

RHODES, J. The question presented is whether the redemption by the holder of a recorded mortgage from a tax sale of the premises covered by the mortgage was timely, and whether the lien of the mortgage had been affected under the Tax Law.

The premises involved in this proceeding were sold at a tax sale on July 27, 1933, for unpaid taxes levied for the year 1931, and the petitioner had succeeded to the title under the tax deed delivered by the county treasurer by reason of such tax sale.

At the time of the sale several mortgages were outstanding covering the premises. No one in behalf of petitioner or her predecessors in interest has attempted to give any notice to the holders of these mortgages requiring them to redeem the premises from the tax sale.

In 1932 the holder of one of the mortgages foreclosed the same and in 1936 the Orange County Trust Company became the purchaser of the premises under the foreclosure sale, the trust company being also the holder of another mortgage on the premises in question. On the 12th day of August, 1937, the trust company demanded of the county treasurer of Sullivan county that the tax lien upon which the tax deed above referred to had been issued be canceled, and filed with the treasurer a redemption certificate, at the same time paying the county treasurer for such redemption from such tax sale the sum of $180.48. The petitioner claims that the redemption was made after the time for so doing had expired by the terms of section 139 of the Tax Law.

Petitioner thereafter and on September 3, 1937, served demand upon the trust company for the cancellation of this redemption certificate and on the same day served upon the county treasurer a copy of such demand, together with a formal demand for the issuance of a certificate of non-redemption pursuant to sections 138 and 139 of the Tax Law, but no such cancellation has been made by the county treasurer.

Both parties agree that the question here for determination depends upon the interpretation of sections 138 and 139 of the Tax Law, as amended by chapter 179 of the Laws of 1931. This is in accordance with *Post* v. *Cowan* (236 App. Div. 26), which held that the law in effect at the time of the tax sale governed the rights of the mortgagee to redeem. (See, also, *Lowe* v. *Sheldon*, 276 N. Y. 1.)

In substance, the sections provide that the lien of a mortgage on record at the time of any tax sale shall not be destroyed or affected except as provided in these sections.

Section 138 requires the purchaser at any such sale to give the record holder of the mortgage a written notice of such sale, requiring him to pay the amount required to redeem the lands within six months after giving the notice.

Section 139 permits the holder of any such mortgage to redeem the mortgaged premises at any time before the expiration of six months from the giving of the notice to redeem required by section 138.

The court below held that as no notice to redeem was served upon the holders of the mortgages, the limitation as to time within which redemption might be made by the holders of such mortgages had not begun to run.

The sections of the Tax Law referred to provide a complete scheme for cutting off the redemptive rights of mortgage holders; the petitioner and her predecessors in title having failed to comply with the requirements necessary to set in motion the Statute of Limitation therein contained, the lien of the outstanding mortgages has not been destroyed or affected; this by the express language of section 138.

Objection is made by the appellant that the trust company, upon becoming the purchaser at the mortgage foreclosure sale, was no longer mortgagee; this objection is not tenable because the trust company holds title by virtue of the mortgage and has acquired all of the rights of the mortgagor and mortgagee. (Civ. Prac. Act, § 1085; *People ex rel. Brooklyn Union El. R. R. Co.* v. *Morgan*, 85 App. Div. 292.)

The determination below was correct, and the order appealed from should be affirmed, with costs.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.
Order affirmed, with costs.