PATCHOGUE SECURITY HOLDING CORPORATION, Plaintiff, *v*. DEMI-
TRIES GEORGE and Others, Defendants.

Supreme Court, Suffolk County, June 9, 1939.

*Robbins, Wells & Walser*, for the plaintiff.

*Gordon M. Lipetz*, for the defendants.

SWEZEY, J. The determination of the issues in this case involves the construction of sections 138 and 139 of the Tax Law. For the purposes of this action the present plaintiff, notwithstanding the merger of his mortgage in the referee's deed, stands in the position of a mortgagee. (*People ex rel. Brooklyn Union El. R. R. Co.* v. *Morgan*, 85 App. Div. 292; *Matter of Kessler* v. *Johnston*, 253 id. 411.)

I cannot agree with the defendants' construction that irrespective of any notice to the holder of a mortgage, the lien of his mortgage is extinguished unless he redeems within thirty months after the sale. That limitation of time clearly refers to the case where notice has been given, but " evidence of the giving " thereof is not filed. Section 138 specifically provides that the lien of a mortgage shall not be destroyed unless the purchaser at the tax sale starts the redemption period running by giving the notice mentioned therein. Section 139 merely provides for the time and method of

redemption where the period within which to redeem has been commenced by the service of the notice. Consequently, unless the purchaser at the tax sale moves affirmatively, within the time limited to extinguish the lien of the mortgage, it is not destroyed or affected by the tax sale.

" The sections of the Tax Law referred to provide a complete scheme for cutting off the redemptive rights of mortgage holders; the petitioner and her predecessors in title having failed to comply with the requirements necessary to set in motion the Statute of Limitation therein contained, the lien of the outstanding mortgages has not been destroyed or affected; this by the express language of section 138." (*Matter of Kessler* v. *Johnston,* 253 App. Div. 411, 413.)

Since no notice to redeem was ever served on the plaintiff its right to maintain this action has been established. By virtue of section 69 of the Suffolk County Tax Act (Laws of 1920, chap. 311, as amd. by Laws of 1929, chap. 152), the defendant is entitled to remove whatever buildings or other property he may have erected. Accordingly judgment is directed in favor of the plaintiff. Settle judgment and findings on notice.