SARAH L. GILLESPIE and CHARLOTTE S. NUTTING, Plaintiffs, *v.* BOARD OF SUPERVISORS OF BROOME COUNTY, HAROLD J. GILLESPIE and Others, Defendants.

Supreme Court, Broome County, August 13, 1942.

*Emory C. Resseguie* [*Samuel H. Pearis* of counsel], for the plaintiffs.

*Clarence L. Chamberlain,* for the board of supervisors of Broome county.

PERSONIUS, J. Plaintiffs sue to foreclose a mortgage. They claim that the lien of their mortgage is *prior* to certain tax deeds to the board of supervisors of Broome county (hereafter called the " Board.")

The complaint alleges that the mortgage was given May 19, 1928, assigned to the plaintiffs October 17, 1940, and a default in the payment of interest October 1, 1941. It also alleges that the mortgaged property was conveyed to the defendant, Harold J. Gillespie, on June 7, 1941.

The complaint alleges and the answer admits that the mortgaged premises were sold for taxes and deeded by the county treasurer to the defendant Board by seven tax deeds in 1936, 1938, 1940 and 1941, and that said deeds were all promptly recorded. The defendant Board claims to be the *owner* of the fee by reason of said tax deeds, *subject to redemption* by the mortgagees.

The complaint alleges that no notice under section 138 (all references are to the Tax Law unless otherwise stated), of such tax sales was given by the purchaser to the original mortgagee, or subsequent holders of the mortgage, and that, therefore, the

title of the Board to the premises is *subordinate* to the lien of the plaintiffs' mortgage. The complaint demands that the defendants, including the Board, be *barred* of all interest in the property. We assume, as alleged in the complaint, that no notice to the holder of the mortgage under said section 138 was given.

No question is raised as to the regularity of the assessments of the various taxes or the regularity of the tax sales.

"It is a universal principle of law that unpaid taxes are a lien upon the real estate against which they are assessed prior to mortgages, judgments and all other encumbrances." (1 Wiltsie on Mortgage Foreclosure [5th ed.], § 389.) The plaintiffs concede this, saying: "We have no quarrel with the general statement that taxes are a first lien, superior to the lien of a mortgage."

At an early date the Legislature provided for the levy of taxes on real property which become a lien prior to all other encumbrances. It also provided for the collection of such taxes by the sale of the real property. Likewise from an early date it provided by chapter 387 of the Laws of 1840 entitled, "AN ACT *authorizing* mortgagees to redeem real estate sold for taxes and assessments" (emphasis ours), for the redemption of the property by a mortgagee. This act *created* the right of redemption by a mortgagee. It required notice to cut off his otherwise unlimited right to redeem. Such provisions, in effect, have been continued and carried into the present law. (§§ 138, 139.) The defendant Board admits that the plaintiffs still have a right to redeem. But it is the contention of the plaintiffs that on failure to give notice to the mortgagee within the required time, the mortgage is reinstated, so to speak, and becomes a lien *prior* to the tax lien.

With this conclusion we cannot agree. Sections 138 and 139 have no application to priority of liens.

Section 139 continues the right of redemption in the mortgagee (1) "at any time after the sale," or (2) within six months after filing evidence of giving notice under section 138, or (3) if such evidence is not filed, within thirty months after the sale.

Section 138 merely provides a procedure by which a purchaser at a tax sale may limit the mortgagee's otherwise unlimited time to redeem, *i. e.* "at any time after the sale." (§ 139.) By (1) giving notice and (2) filing evidence thereof, the period of redemption by the mortgagee may be limited to six months. By giving notice *but* failing to file evidence thereof, it is limited to thirty months. (*Patchogue Security Holding Corp.* v. *George*, 172 Misc. 128.) In the present case, no notice having been given, the mortgagee's time to redeem remains unlimited. (*Matter of Kessler* v. *Johnston*, 253 App. Div. 411; *Lowe* v. *Sheldon*, 250 id. 673, 679; Op. Atty.-Gen.

[1941] p. 239.) But this is far from saying that by failure to give the notice provided for in section 138, the lien of the mortgage which had already been "affected" by the levy of the tax, is restored and made a lien *prior* to the tax.

The purpose of sections 138 and 139 is to create and preserve a right of redemption in a mortgagee. The requirement that notice be served does not imply that the failure to do so makes the mortgage paramount to the tax assessment and lien. Failure to serve the notice results in a failure to cut off the mortgagee's right of redemption but does not make the mortgage paramount.

The authorities support this conclusion. (*Becker* v. *Howard*, 47 How. Pr. 423; revd. 4 Hun 359; affd., and motion for reargument denied 66 N. Y. 5, cited with approval in *Chard* v. *Holt*, 136 id. 30, 39, 40, and *O'Donnell* v. *McIntyre*, 118 id. 156, 162, 163; *Erie County Savings Bank* v. *Schuster*, 187 id. 111, 114, 115; *People* v. *Hazen*, 132 Misc. 639, 642; *Matter of Federal Land Bk. of Springfield* v. *Pickard*, 169 id. 753; *Lowe* v. *Sheldon, supra*; Civ. Prac. Act, § 1087.)

*Becker* v. *Howard* (*supra*) seems controlling. It was a trespass action. The defendants claimed under a tax sale certificate dated November 24, 1866, and deed dated February 16, 1869. The plaintiffs claimed under a foreclosure of a mortgage given in 1857. *Lis Pendens* was filed in 1868 and the deed in foreclosure in 1869. Notice to redeem was not given to the mortgagee. In denying the motion for reargument the Court of Appeals said: " We decided the precise points presented, to wit: *first,* that the defendants, by their tax-deed, acquired a valid title to the premises, subject to the right of mortgagees to redeem under the statute; *second,* that the defendants were not affected by the foreclosure of the mortgage and the sale of the mortgaged premises to the plaintiff; \* \* \* *fourth, that the purchasers at the tax sale were not compelled to give any notice to the mortgagee in order to perfect their title, but could only limit the time within which redemption could be made, by giving the notice prescribed by statute.*" (Emphasis ours.)

In *Lee* v. *Farone* (261 App. Div. 674, 676), the court said: " Under a valid tax deed from the time of its delivery the purchaser is clothed, not merely with the title of the person who had been assessed for taxes, and had neglected to pay them, but with a new and complete title in the land, under an independent grant from the sovereign authority, which bars and extinguishes all prior titles and incumbrances of private persons and all equities arising out of them."

The plaintiffs lay stress on the language of section 138: " The lien of a mortgage, \* \* \* shall not be destroyed, or in any

manner affected, except as provided in " sections 138 and/or 139. It is not. Its lien still exists. *It was subordinated to the tax lien when the tax was assessed.* The sale did not " affect " the mortgage lien in any way. It was still a lien though subordinate. The mortgagee enjoyed the right to redeem after as well as before the sale.

The plaintiffs rely on *Matter of Ueck* (286 N. Y. 1). There real property of Alfred C. Ueck, then deceased, had been sold for taxes and purchased by the county of Erie or the city of Buffalo. His administrator sought a determination in Surrogate's Court of " the amount of unpaid taxes, penalties and interest which were liens upon decedent's property at the time of his death, and the right to priority of payment of them over claims against the estate." The Surrogate decided that in spite of the tax sales " there had been no payment or discharge of the taxes when the sales were to the city of Buffalo or the county of Erie, although there was such payment and discharge when the sales were to individuals," and directed the administrator to pay the city and county. (Surr. Ct. Act, § 212.) The Appellate Division affirmed the order of the surrogate so far as appealed from. The Court of Appeals reversed, saying (17, 18): " The policy of the State and of the political subdivisions affected indicates clearly that when the decedent's real estate was sold and bid in * * * for non-payment of taxes, there was payment and discharge of such taxes and that the purchaser, whether city or county, became the inchoate titleholder of the land, evidenced by the tax sale certificates." Of course, after selling the real property as a means of collecting the taxes, and either receiving the amount due from an individual purchaser or buying the land itself and taking an inchoate title thereto, the municipality could hardly proceed to collect the tax again. The tax assessment as such was paid. The purchaser became the inchoate titleholder of the land, but there was still outstanding the right of a mortgagee to redeem, unless that right had been limited and cut off by the giving of notice and the filing of the evidence thereof under section 138, and the failure of the mortgagee to redeem under section 139. But the *Ueck* case is not here controlling. " It is always to be remembered that broad general statements in any opinion are to be read in connection with the facts of the particular case before the court." (*Matter of Green* v. *Miller*, 249 N. Y. 88, 97.) The *Ueck* case in no wise considered the question here. It considered neither the effect of a tax sale upon the priority interest of a mortgagee nor his right to redeem. At the outset the court in the *Ueck* case was careful to emphasize that it was only considering the effect of a tax sale

upon the liability of the taxpayer. At page 6 it said: " A determination of those questions depends upon whether the real estate taxes upon decedent's properties were paid or discharged, *as far as decedent was concerned*, when the properties were sold for non-payment of taxes and purchased at the tax sales by the City of Buffalo and the County of Erie."

In the present case the taxes were paid, so far as the owner was concerned, by the sale, and the county as purchaser became the inchoate titleholder as against both the owner and the mortgagee, but its title was subject to being divested by the still continuing right of the mortgagee to redeem.

In the cases we have cited, the right of a mortgagee to redeem " at any time," unless cut off by notice under sections 138 and 139, is recognized and the priority in interest of a purchaser under a tax sale is likewise recognized. That after a tax sale, the mortgage became a prior lien is not suggested. " An opinion which is to overrule all former precedents, and to establish a principle never before recognized, should be expressed in plain and explicit terms. A mere implication ought not to prostrate a principle which seems to have been so well established." ( *New Amsterdam Casualty Co.* v. *National Union Fire Ins. Co.*, 266 N. Y. 254, 261.)

The plaintiffs may still redeem (*Lowe* v. *Sheldon*, 250 App. Div. 673; affd., 276 N. Y. 1; *Matter of Federal Land Bk. of Springfield* v. *Pickard*, *supra*), but the defendants' title is superior.

Motion to dismiss complaint as against the defendant, board of supervisors of Broome county, is granted, with ten dollars costs.

Submit order accordingly.