Russell, J.
This is an appeal from an order of the Special Term, Supreme Court, in the County of Broome, New York, dated December 7, 1945, denying a motion by the defendant for an order declaring the mortgage recorded in the Broome County Clerk’s Office and owned by the plaintiff, to be null and void and no lien upon the premises which are owned by the defendant.
The defendant obtained her title by a deed from the Board of Supervisors of Broome County, dated August 26, 1943. The Board of Supervisors of Broome County obtained its title to the property by virtue of tax deeds. The county obtained its deeds by sales for nonpayment of taxes on October 5, 1939, on October 8, 1940 and October 8, 1941. For the sale of October 8,1941, a deed was dated October 30,1942, and recorded November 19, 1942. This was the last sale and the last deed for a sale given.
Helen W. Fischer; defendant-appellant, purchased said property from the Board of Supervisors of Broome County and a deed was executed to said Helen W. Fischer dated August 26,1943, and recorded on August 27,1943, in the Broome County Book of Deeds. During the years above mentioned for the respective sales for nonpayment of taxes the plaintiff was the holder of a certain mortgage on said premises, which mortgage was given to the plaintiff’s predecessor in title on the 25th day of September, 1930, and recorded in the Broome County Clerk’s Office.
Phoebe Lord and William D. Lord were the owners and holders of the bond and mortgage in question until June 14, 1935, when William D. Lord died and from said date Phoebe Lord was the owner and holder of said mortgage. Phoebe Lord died on the 1st day of January, 1945, at the time when preliminary proceedings in this matter were pending.
Helen W. Fischer,' the appellant, acquired her ,tax deed to the property from the Board of Supervisors for unpaid taxes for the years, 1938, 1939, 1940, 1941 and 1942. The delinquent taxes for these years were paid by her and she has since paid the taxes and improved the property.-
Counsel for the respondent states in his affidavit that “Notwithstanding that the title owner, the Stack Estate, failed to pay its taxes, its representatives, did however, pay interest *667 on the plaintiff’s mortgage to March 25th, 1943, and upon inquiry stated from time to time that taxes were being paid. It was not until late in 1943, while a tax search was being made by deponent that it was discovered that the property had been sold for taxes.”
The plaintiff-respondent’s first attempt to redeem as a mortgagee was August 2, 1944, which was four years, nine months and twenty-eight days after the tax sale of October 5,1939, and the first attempt to redeem was three years, nine months and twenty-four days after the second sale of October 8, 1940. The plaintiff-respondent first tendered the check to redeem the property from tax sales-on August 2, 1944, which was three years,.five months and five days after the first deed of February 27, 1941, was recorded.
It has been stipulated by parties and attorneys that Charles R. Stewart be substituted as party defendant in the above-entitled action in the place and stead of Helen. W. Fischer.
Upon argument before this court, the attorney for the defendant-appellant stated that the defendant was dead. The same attorney by letter addressed to the attorney for the plaintiff, stated that he had entered into a land contract with the Newtons on the 28th day of September, 1942, owners of the property in question before sale for nonpayment of taxes, for the sale of this property at a purchase price of $3,225 and partial payments had been made of $20 and $40. In said letter he contended that the mortgage was cut off by tax deed and that he had title from the county of Broome. This contract with the Newtons in no way affected the validity of the mortgage. ¡
The two questions decisive on this appeal are first — whether or not proper notice pursuant to statute was given to the mortgagee at the time of any tax sale and second — which law governs this motion, namely: the law. in force prior to the amendment of section 139 of the Tax Law, effective April 22, 1942, or the law effective by said amendment. Prior to the amendment section 139 read as follows: “ The holder of any mortgage which is duly recorded at the time of the sale, may, at any time after the sale of all or any part of the mortgaged premises for unpaid taxes or assessments, and before the expiration of six months after the time of filing of the evidence of the giving of the notice required by the preceding section, or, if evidence of the giving of such notice be not filed then at any time within thirty months after the sale, redeem the premises so sold, or any part thereof from such sale.” (L. 1936, *668 oh. 471.) It is clear that no provision was made for a limitation of time when no notice is given.
The amendment to section 139 (L. 1942, ch. 512) which became effective April 22,1942, reads as follows: “ * * * if evidence of the giving of such notice be not filed then at any time within thirty-six months after the sale, and not thereafter, redeem the premises so sold, or any part thereof from such sale. * * * ” In said amendment it is further provided: “In case of failure to redeem within the time herein specified, the sale and conveyance thereof shall become absolute and the mortgagee and all other persons claiming title by virtue of any mortgage barred forever.”
It is well settled that the right to redeem is governed by the law in force when the tax sale is made. (Lowe v. Sheldon, 250 App. Div. 673, affd. 276 N. Y. 1.) In the instant case the last tax sale was made October 8, 1941, as stated above. Therefore, the law applicable is the law in effect prior to the amendment of section 139 of the Tax Law.
It is conceded by the appellant that the only notice given of the tax sales was that by publication in two newspapers in Broome County as required by section 151 of the Tax Law and notice to redeem had been published in two newspapers as required by section 151 of the Tax Law. Section 151 directs the County Treasurer to publish “a list of real estate so liable to be sold, together with a notice that such real estate will” on a day after the publication of such notice, be sold to discharge taxes, interest and expenses. It is simply a list stating' the owner or occupant of each parcel of real estate which is to be sold for unpaid taxes.
Section 131 of the Tax Law prescribes the procedure for a conveyance of land described in the certificate of sale of the land sold by the Comptroller or Department of Taxation and Finance for taxes. It treats a relationship as exists between the previous delinquent owner and the purchaser at the tax sale who has acquired a certificate of sale. The appellant relies upon ■ the presumption as stated in section 131 of the Tax Law with respect to a tax sale that “ Every such conveyance shall be presumptive evidence that the sale and all proceedings prior thereto; from and including the assessment of lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto. After two years from the date of the record of such conveyance such presumption shall be oonclu *669 sive.” Nowhere does it state the relative rights as between owner and mortgagee.
However, the presumptions as stated in section 131 are overcome by specific language with respect to the Mnd of notice that must be given to a mortgagee in section 138 of the Tax Law, which states as follows: “The purchaser at any such sale, or those claiming under him, shall give to the record holder of the mortgage a written notice of such sale requiring him to pay the amount required to redeem the lands as provided in the succeeding section, within six months after the time of filing of evidence of the service of such notice with the department of taxation and finance. Such notice must be given within one year from the expiration of the time to redeem. Such notice may be given either personally or in the manner required by law in respect to notices of non-acceptance or non-payment qf notes or bills of exchange.” It is clear that the directions in section 138 with respect to such notice means either personal or written notice by mail as stated by sections 167 and 179 of the Negotiable Instruments Law.
Until such notice as provided in section 138 of the Tax Law is given, said section provides as follows: “The lien of a mortgage, duly recorded at the time of the sale of any lands for non-payment of any tax or assessment thereon, shall not be destroyed, or in any manner affected, except as provided in this and/or the succeeding section.”
When the form of notice as required by section 138 of the Tax Law has been given to the mortgagee, said section exacts a further requirement, namely: “Within one month after the service of any such notice, the purchaser or any person claiming under him shall file with the department of taxation and finance a copy of the notice given, with the affidavit of a person, certified as credible by the officer before whom the affidavit is taken, that the notice was duly given and the manner in which it was given.”
It appears from the record in this case that no such notice as required by sections 138 and 139 was given. The rights of the mortgagee were, therefore, governed by the statute as it existed prior to the amendment which clothed the unnotified mortgagee with an unlimited time within which to redeem from the tax sale, because she had never received the notice as required by statute, and no evidence of service of any notice by anyone to the said mortgagee. Phoebe Lord, was filed either in the Broome County Treasurer’s Office or with the Department of Taxation and Finance, and no certificate of non- *670 redemption was issued to anyone as attested by the affidavit of the County Treasurer of Broome County. (Gillespie v. Board of Supervisors of Broome County, 178 Misc. 890-891; Matter of Kessler v. Johnston, 253 App. Div. 411.)
The order of the Special Term should be affirmed, with costs and disbursements.
All concur.
Order of the Special Term denying a motion by the defendant for an order declaring the mortgage recorded in the Broome County Clerk’s Office and owned by plaintiff, to be null and void and no lien upon the premises which were owned by the defendant, is affirmed, with costs and disbursements.