In the Matter of GUILD PROPERTIES, INC., Appellant, against ARCH F. ARMSTRONG, as Treasurer of Sullivan County, et al., Respondents.

Third Department, January 7, 1948.

*George H. Rosen,* attorney for appellant.

*William G. Costa,* attorney for Arch F. Armstrong, Treasurer of the County of Sullivan, respondent.

*Watts, Oakes, VanderVoort & Bright,* attorneys for Charles Godfrey and Joseph Wigger, respondents.

FOSTER, J. This is an appeal from an order of the Supreme Court which dismissed a proceeding instituted under article 78 of the Civil Practice Act. Petitioner sought an order directing the Treasurer of Sullivan County to cancel a purported redemption of certain premises purchased by the petitioner at a tax sale. There is no dispute as to the facts and the record consists of documentary exhibits.

In 1939 the premises in question were owned by Minnie Cohenstein. The 1939 tax became due January 1, 1940, and was not paid and the premises were sold at a tax sale held in Sullivan County on July 30, 1941. Petitioner's assignor bid in the premises and thereafter the bid was assigned to petitioner. On February 2, 1945, petitioner secured a deed from the county treasurer.

The premises were covered by a mortgage, executed and recorded in March, 1911, and the defendant Charles Godfrey was the owner and holder thereof. The owner failed to pay the amounts due under the mortgage, and in lieu of foreclosure the premises were conveyed to the mortgagee Godfrey by deed dated and recorded on June 2, 1942. Petitioner did not serve a written notice of the tax sale upon Godfrey, the record holder of the mortgage, requiring him to redeem the land, as it might have done under the Tax Law (§§ 138, 139).

Godfrey conveyed the premises to the defendant Joseph Wigger, by deed dated June 2, 1942, and recorded August 11, 1942. On July 3, 1942, Godfrey executed a satisfaction of the mortgage mentioned and this was recorded July 16, 1942.

No redemption from the tax sale was made by February 2, 1945, and on that date petitioner secured its tax deed. This deed was not recorded by petitioner in the county clerk's office. Thereafter, and on July 18, 1945, Godfrey paid the redemption money to the county treasurer, and the latter cancelled the record of the tax sale in his office. Petitioner refused to accept the redemption money and instituted this proceeding to compel the county treasurer to vacate the redemption and mark his records accordingly. It should be noted that from the time the premises were bid in at the tax sale, July 30, 1941, until petitioner acquired its tax deed, February 2, 1945, a period of over three

years and five months had elapsed, and the purported redemption was not made until July 18, 1945, some six months after the tax deed was given.

The pertinent portions of sections of the Tax Law in effect at the time of the tax sale are as follows:

" § 138. *Lien of mortgage not affected by tax sale.* The lien of a mortgage, duly recorded at the time of the sale of any lands for non-payment of any tax or assessment thereon, shall not be destroyed, or in any manner affected, except as provided in this and/or the succeeding section. The purchaser at any such sale, or those claiming under him, shall give to the record holder of the mortgage a written notice of such sale requiring him to pay the amount required to redeem the lands as provided in the succeeding section, within six months after the time of filing of evidence of the service of such notice with the department of taxation and finance." (As amd. by L. 1936, ch. 471.)

" § 139. *Redemption by mortgagee.* The holder of any mortgage which is duly recorded at the time of the sale, may, at any time after the sale of all or any part of the mortgaged premises for unpaid taxes or assessments, and before the expiration of six months after the time of filing of the evidence of the giving of the notice required by the preceding section, or, if evidence of the giving of such notice be not filed then at any time within thirty months after the sale, redeem the premises so sold, or any part thereof from such sale." (As amd. by L. 1936, ch. 471.)

In construing these sections, as amended by chapter 179 of the Laws of 1931, it was held that if no notice to redeem was given the holder of a mortgage might redeem at any time (*Matter of Kessler* v. *Johnston,* 253 App. Div. 411).

Section 139 was amended by chapter 512 of the Laws of 1942, providing substantially for notice to the mortgagee and a six-month period thereafter in which to redeem, or if no notice to redeem was given a period of thirty-six months from the date of the sale in which to redeem. This amendment of course nullified the effect of the decision in the *Kessler* case. Appellant argues that the amendment is retroactive and applies to the present case, citing *Lowe* v. *Sheldon* (250 App. Div. 673, affd. 276 N. Y. 1). We do not need to determine that question. In our view appellant is entitled to succeed under either statute on the basis of the undisputed facts.

Perhaps when the defendant Godfrey took title in lieu of a mortgage foreclosure he still retained the right to redeem despite the apparent merger of title. But thereafter he transferred whatever title he possessed to the defendant Wigger.

When that occurred undoubtedly his former mortgage was extinguished, but despite this he also executed a satisfaction thereof. Thus, prior to the purported redemption he could not, under any view of the facts, be deemed the holder of a mortgage. He had no obligation to Wigger because his deed to the latter contained no warranties or covenants against incumbrances, and hence he was in all respects a stranger to the title when he purported to redeem, and had no standing as such to redeem as a mortgagee without notice. If he might be regarded as an agent for the defendant Wigger it would add nothing to the right of redemption. Wigger was an owner, not a mortgagee, and even as an occupant without notice if he was an occupant, his time to redeem had expired (*Mabie* v. *Fuller*, 255 N. Y. 194). The purported redemption therefore is not sustained by the facts and the law.

The order should be reversed and petitioner's application granted in all respects, with $25 costs and disbursements.

HILL, P. J., HEFFERNAN, RUSSELL and DEYO, JJ., concur.

Order reversed on the law and facts, and petitioner's application granted in all respects, with $25 costs and disbursements.