BARBARA F. NELSON, Plaintiff, *v.* MARY A. FANTINO et al., Defendants.

Supreme Court, Special Term, Suffolk County, April 28, 1950.

*George Dyson Friou* for plaintiff.

*Eugene J. Blumberg* for Charles Barcellona, defendant.

PETTE, J. In this action to determine a claim to real property pursuant to article 15 of the Real Property Law, plaintiff moves to strike out the defense under rules 109 and 110 of the Rules of Civil Practice and for judgment on the pleadings under rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act.

Before turning to the facts it may be well to state that plaintiff's motion under rule 110 must be denied since that rule may be invoked only when the answer contains a counterclaim. (*Bomar* v. *Pasinsky,* 254 App. Div. 322.)

The facts are as follows: The defendant Charles Barcellona, who alone defends this action, is the administrator of the estate of his father who held a mortgage dated April 14, 1930, and recorded July 17, 1930, upon property situated in Suffolk County and presently held by the plaintiff in her name. The mortgagee died on August 15, 1933. The mortgaged premises were sold at a tax sale on November 17, 1937. Plaintiff holds title under a deed executed and delivered to her on July 10, 1948. For the purpose of this motion it must be assumed, according to the allegations in the defense, that no notice of the tax sale was ever given to the defendant or to anyone else associated with the deceased mortgagee. The parties have stipulated in writing that no payment of interest has been made on the mortgage since August 15, 1933, a writing which may properly be considered in determining this motion. (*Lefler* v. *Clark,* 247 App. Div. 402, 404.) Tender of the amount of taxes due was made by the defendant to the county treasurer of the county of Suffolk upon service of the original summons and complaint in this action. The tender was accepted but the county treasurer refused to cancel the tax deed of record because of the pendency of this action.

Plaintiff moves for judgment cancelling and discharging the mortgage of record mainly on the ground that since no action to foreclose this mortgage may now be maintained because of the expiration of the statutory period for bringing such actions contained in section 47-a of the Civil Practice Act, subdivision 4 of section 500 of the Real Property Law expressly authorizes the granting of the relief she seeks. Defendant resists the motion on two main grounds. First, that since no notice of the tax sale was given to the defendant as required by section 138 of the Tax Law, his time to redeem under section 139 of the Tax Law is unlimited. Second, that under the special circumstances of this case the Statute of Limitations (Civ. Prac. Act, § 47-a) was tolled until defendant was granted letters of administration in 1949.

Defendant's right to redeem is governed by the law in force when the sale was made. (*Lowe* v. *Sheldon,* 250 App. Div. 673, affd. 276 N. Y. 1.) In November, 1937, the time when the tax sale in question was made, the provisions of section 138 of the Tax Law here pertinent read as follows: " The lien of a mortgage, duly recorded at the time of the sale of any lands for non-payment of any tax or assessment thereon, shall not be destroyed, or in any manner affected, except as provided in this and/or the succeeding section. The purchaser at any such sale, or those claiming under him, shall give to the record holder of the mortgage a written notice of such sale requiring him to pay the amount required to redeem the lands as provided in the succeeding section, within six months after the time of filing of evidence of the service of such notice with the department of taxation and finance. Such notice must be given within one year from the expiration of the time to redeem. Such notice may be given either personally or in the manner required by law in respect to notices of non-acceptance or non-payment of notes or bills of exchange. If redemption be not made pursuant to such notice, the mortgage shall be deemed to have been satisfied of record at the time of such sale."

Section 139 of the Tax Law, which governs redemption by a mortgagee, provides in part that " The holder of any mortgage which is duly recorded at the time of the sale, may, at any time after the sale of all or any part of the mortgaged premises for unpaid taxes or assessments, and before the expiration of six months after the time of filing of the evidence of the giving of the notice required by the preceding section, or, if evidence of the giving of such notice be not filed then at any time within thirty-six months after the sale, and not thereafter, redeem the premises so sold, or any part thereof from such sale." It is to be noted that no time limit is fixed within which a mortgagee who has not been given notice of the tax sale must redeem. (See, however, Tax Law, § 139, as amd. by L. 1946, ch. 811, setting up a maximum period of three years for redeeming premises sold at a tax sale even where no notice is given to the mortgagee.)

The decisive question to be decided here is whether the omission in section 139 of the Tax Law, as it existed in November, 1937, of any time limit within which a mortgagee without notice is required to redeem must be construed to mean that such time is totally unlimited, or instead that the general Statute of Limitation for the bringing of an action to foreclose a mortgage, i.e., section 47-a of the Civil Practice Act, is to determine the time beyond which no such redemption may be made.

Under section 47-a of the Civil Practice Act an action to foreclose the mortgage here involved would have been barred by September 1, 1944. The administrator, however, cites several cases in support of the proposition that his right to redeem pursuant to section 139 of the Tax Law still continues. (E.g., *Barzler* v. *Fischer*, 272 App. Div. 665; *Gillespie* v. *Board of Supervisors of Broome Co.*, 178 Misc. 890; *Patchogue Security Holding Corp.* v. *George;* 172 Misc. 128.) It is true that language in those cases appears to support that position. A careful reading, however, reveals that in each case, although the time set forth in section 139 was held not binding upon the mortgagee without notice, the fact was that the mortgage itself was still alive under either the twenty-year Statute of Limitations in effect prior to September 1, 1938, or the six-year statute effective thereafter.

The purpose of section 139 of the Tax Law, as I read it, is to vest title in the purchaser at a tax sale within a reasonable time thereafter, provided that the requirements as to notice are met. When it is noted that prior to September 1, 1938, the time within which an action to foreclose a mortgage had to be brought was twenty years, it seems clear that the intention of the Legislature as expressed in section 139 of the Tax Law was not to extend the general Statute of Limitations but to shorten it. (See Civ. Prac. Act, § 10, subd. 1.) Under the construction of section 139 urged by the defendant, however, a mortgagee, or one standing in his place, could upset a tax title any number of years after it had vested in the original purchaser, simply because no notice of the tax sale was given to the then mortgagee and notwithstanding the fact that an action to foreclose the mortgage could no longer be maintained. Such a construction of the statute can do nothing but cause untold insecurity and confusion in titles, a result neither required nor just. In the absence of binding authority to the contrary, therefore, I hold that a mortgagee without notice of a tax sale must redeem the property involved therein within the time limited in section 47-a of the Civil Practice Act for bringing an action to foreclose. To permit redemption under these circumstances would in effect be to permit enforcement of a mortgage no longer alive.

Defendant's further ground of objection that special circumstances in his case have tolled the six-year Statute of Limitations is without merit. The case relied upon by him to sustain that position, *Matter of Quant* (60 N. Y. S. 2d 808) is clearly distinguishable. Therein, an application for letters of administration, made within the time limited by statute for bringing an

action to foreclose a mortgage (Civ. Prac. Act, §§ 20, 47-a) was successfully opposed by the widow of the deceased mortgagee, and the Surrogate ruled that the widow had a prior right thereto. She was not appointed until February, 1945, however, more than a year after the death of the decedent and after the statutory period had expired. Subsequently, the widow contended that she need not account with respect to the bond and mortgage because the Statute of Limitations for bringing an action thereon had run. The court denied her contention, saying that the order appointing her was expressly based upon the first petition which she had successfully opposed.

That the defendant had no notice of the existence of the mortgage until the original summons and complaint were served upon him in this action can have no bearing upon the result since such lack of notice would not have tolled the running of section 47-a of the Civil Practice Act had no tax sale intervened.

There being no triable issues of fact raised by the denials in the answer, I direct that judgment on the merits be entered for the plaintiff and that the mortgage in question be cancelled and discharged of record pursuant to subdivision 4 of section 500 of the Real Property Law.

Settle judgment on notice.