Action brought pursuant to article 15 of the Real Property Law, to cancel and discharge a mortgage of record. Order granting motion of the plaintiff under section 476 of the Civil Practice Act, and rules 109 and 112 of the Rules of Civil Practice, for judgment on the pleadings reversed on the law, with $10 costs and disbursements, and the motion denied, with $10 costs. Paragraph 3 of the supplemental complaint alleges that the plaintiff owns and occupies the parcel of real property here involved. The answer denies that allegation. However, the parties have on this appeal *1059 assumed or conceded that the plaintiff owns and occupies the property in question, although there is no formal withdrawal of the denial or concession as to the fact of ownership and possession which is a prerequisite under subdivision 4 of section 500 of the Real Property Law, in effect March 4, 1948. (L. 1948, ch. 105.) That statute authorizes the maintenance of this action to secure a cancellation and discharge of record of a mortgage when it becomes unenforeible by reason of an applicable Statute of Limitations. The mortgage here involved, insofar as concerns the principal thereof, became unenforeible, under section 47-a of the Civil Practice Act, on September 1, 1944. It however, may have continued to be available by way of foreclosure for the enforcement of the payment of interest due thereon prior to September 1, 1944, in an action commenced within six years thereafter, i.e., not later than September, 1950. (Kirschner v. Cohn, 270 App. Div. 126; Ernst v. Sehaack, 297 N. Y. 566; Chapin v. Posner, 299 N. Y. 31.) If the appellant sustains by credible proof .the allegations in the answer in respect of tender or payment of an adequate sum of money to the proper official to redeem the premises described in the supplemental complaint prior to September, 1950 .(the answer containing this allegation is verified January 6, 1950), then he became entitled to the benefit of his action in this respect in seeking a redemption because such tender or payment would have occurred while the mortgage was still available in a foreclosure action to enforce the payment of any interest defaults, there having been, so far as this record discloses, no service of a notice, pursuant to the statute, requesting redemption. The fact that the mortgage subsequently ceased to be capable of enforcement in respect of the defaults in the payment of interest is of no moment. Rights would have accrued, as of the date of the tender or payment, as a consequence of the timely tender or payment, which may be enforced because equity deems that done which should have been done. A different situation would exist if the alleged payment or tender occurred after September, 1950. The need for the determination of this issue of fact precludes the granting of a motion for summary judgment. Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. [198 Misc. 657.] [See post, p. 1151.]